# EXHIBIT A

Galex Wolf, LLC
1520 U.S. Hwy 130, Suite 101
North Brunswick, NJ 08920
(732) 257-0550 / fax: (732) 257-5654

The Law Office of Christopher J. McGinn
79 Paterson St.
New Brunswick, NJ 08901
(732) 937-9400 / fax: (800) 931-2408
Attorneys for Plaintiffs and the putative class

10 JAN -6 PM 2: 20

FILED & RECEIVED

| | |
|---|---|
| LARISSA SHELTON AND GREGORY BOHUS, on behalf of themselves and others similarly situated,<br><br>                Plaintiffs,<br>vs.<br><br>RESTAURANT.COM INC<br>                Defendant | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br><br>DOCKET NO.: L-82-10<br><br>CIVIL ACTION<br><br>**CLASS ACTION COMPLAINT<br>AND JURY DEMAND** |

### NATURE OF THE ACTION

1. Plaintiffs brings this putative consumer protection class action against Defendant for unlawfully selling gift certificates redeemable at restaurants located in New Jersey in violation of New Jersey's Gift Certificate Statute, the Consumer Fraud Act and Truth in Consumer Contract Warranty and Notice Act.

2. Most notably, the gift certificates purchased by Plaintiffs and those similarly situated indicate that they expire in one year, in direct violation of the Gift Certificate Statute which prohibits expiration periods of less than 24 months.

3. By selling gift certificates redeemable at New Jersey restaurants with an expiration clause in violation of the Gift Certificate Statute, Defendant has violated the Truth in Consumer Contract, Warranty and Notice Act ("TCCWNA"), which prohibits businesses from using written contracts or notices in consumer transactions that contain provisions that violate other New Jersey or federal laws. On behalf of themselves and those similarly situated, Plaintiffs seeks minimum statutory damages of $100 plus reasonable attorney's fees and costs, as mandated by TCCWNA.

4. Plaintiffs also charge Defendant with violations of the New Jersey Consumer Fraud Act ("CFA") to which the Gift Certificate Statute is a supplemental act, and seek monetary and equitable relief as authorized by the CFA on behalf of themselves and those similarly situated.

Page 1 of 10

## VENUE

5. Venue properly lies in Middlesex County, New Jersey because Plaintiff Gregory Bohus resides and because Defendant conducts business there.

## ALLEGATIONS OF FACT

6. Plaintiff Larissa Shelton resides in Lindenwold, New Jersey and resided in New Jersey when she entered to the transaction at issue in this action.

7. Plaintiff Gregory Bohus resides in New Brunswick, New Jersey and resided in New Jersey when he entered to the transaction at issue in this action.

8. Defendant RESTAURANT.COM, INC. is a corporation formed in Delaware, with its headquarters located at 1500 W. Shure Drive #200, Arlington Heights, IL 60004. It is a citizen of the State of Illinois.

9. Defendant markets, advertises and sells gift certificates redeemable in exchange for food and beverages at restaurants throughout the country, including New Jersey.

10. Most of the gift certificates sold by Defendant are for a specified restaurant, and are not redeemable at other restaurants (Defendant calls these type of gift certificates "restaurant-specific certificates"). The term "gift certificate", as used in this pleading, refers to this restaurant-specific type of gift certificate only.

11. Defendant sells gift certificates directly through its internet website. Customers use the website's interface to select the restaurant and the initial balance of the gift certificate to be purchased, and to make on-line payment for the gift certificate.

12. Upon receiving payment, Defendant provides the customer with a link to an internet page that displays the written gift certificate, which may then be printed by the customer for redemption at the restaurant.

13. The gift certificates sold by Defendant include the following information on the face of the certificate: the value of the certificate stated in dollars, the name and address of the restaurant where the certificate may be redeemed, the limitations on redemption imposed by the restaurant (e.g., whether the certificate is valid on holidays), and a set of standard provisions imposed by Defendant.

14. During the course of the sales process, Defendant obtains the purchaser's name, address and other personal information.

15. Plaintiff Larissa Shelton purchased a total of ten gift certificates for various restaurants located in New Jersey from Defendant during the period from December 9, 2007 to September 9, 2009, each with an initial face value of $25 (copies of the ten certificates are attached hereto and collectively designated as **Exhibit A**).

16. In the course of the sales of the gift certificates, Plaintiff Shelton provided Defendant with her name and her New Jersey home address.

17. On October 14, 2009, Plaintiff Gregory Bohus purchased a gift certificate from Defendant with an initial face value of $10, redeemable only at the Calico Grill in Princeton, New Jersey (a copy of the gift certificate is attached hereto as **Exhibit B**).

18. In the course of sale of the gift certificate, Plaintiff Bohus provided Defendant with his name and his New Jersey address.

19. The gift certificates purchased by Plaintiff Shelton and by Plaintiff Bohus each contain a common provision stating that the Restaurant.com certificate "Expires one (1) year from date of issue, except in California and where otherwise provided by law." This is a standard provision contained in numerous, if not all, gift certificates sold by Defendant since April 4, 2006.

20. The gift certificates purchased by Plaintiff Shelton and by Plaintiff Bohus contain a common provision stating that all provisions of the Restaurant.com gift certificate are "Void to the extent prohibited by law." This is a standard provision contained in numerous, if not all, gift certificates sold by Defendant since April 4, 2006.

21. Since April 4, 2006, all or substantially all gift certificates redeemable at New Jersey restaurants that Defendant has sold have contained provisions for the expiration of the certificates at some time less than 24 months after their date of sale or issue (irrespective of any disclaimers of applicability).

22. Since April 4, 2006, Defendant has sold more than 1,000 gift certificates to New Jersey residents redeemable at restaurants located in New Jersey that contained provisions for the expiration of the certificates at some time less than 24 months after their date of sale or issue (irrespective of any disclaimers of applicability).

23. Since April 4, 2006, Defendant has sold more than 10,000 gift certificates to New Jersey residents redeemable at restaurants located in New Jersey that contained provisions for the expiration of the certificates at some time less than 24 months after their date of sale or issue (irrespective of any disclaimers of applicability).

24. Since April 4, 2006, Defendant has sold more than 50,000 gift certificates to New Jersey residents redeemable at restaurants located in New Jersey that contained provisions for the expiration of the certificates at some time less than 24 months after their date of sale or issue (irrespective of any disclaimers of applicability).

25. Since April 4, 2006, all or substantially all gift certificates redeemable at New Jersey restaurants that Defendant has sold to New Jersey residents have contained provisions stating that one or more of the terms of the certificates were applicable except where

prohibited by law, without specifying whether or not the provisions were applicable in New Jersey.

26. Since April 4, 2006, Defendant has sold more than 1,000 gift certificates to New Jersey residents redeemable at restaurants located in New Jersey that contained provisions stating that one or more of the terms of the certificates were applicable except where prohibited by law, without specifying whether or not the provisions were applicable in New Jersey.

27. Since April 4, 2006, Defendant has sold more than 10,000 gift certificates to New Jersey residents redeemable at restaurants located in New Jersey that contained provisions stating that one or more of the terms of the certificates were applicable except where prohibited by law, without specifying whether or not the provisions were applicable in New Jersey.

28. Since April 4, 2006, Defendant has sold more than 50,000 gift certificates to New Jersey residents redeemable at restaurants located in New Jersey that contained provisions stating that one or more of the terms of the certificates were applicable except where prohibited by law, without specifying whether or not the provisions were applicable in New Jersey.

29. Since April 4, 2006, all or substantially all gift certificates redeemable at New Jersey restaurants that Defendant sold to New Jersey residents have contained provisions stating that the certificates were void to the extent prohibited by law, without specifying the extent to which the certificates were void in New Jersey.

30. Since April 4, 2006, Defendant sold more than 1,000 gift certificates to New Jersey residents redeemable at restaurants located in New Jersey that contained provisions stating that the certificates were void to the extent prohibited by law, without specifying the extent to which the certificates were void in New Jersey.

31. Since April 4, 2006, Defendant sold more than 10,000 gift certificates to New Jersey residents redeemable at restaurants located in New Jersey that contained provisions stating that the certificates were void to the extent prohibited by law, without specifying the extent to which the certificates were void in New Jersey.

32. Since April 4, 2006, Defendant has sold more than 50,000 gift certificates to New Jersey residents redeemable at restaurants located in New Jersey that contained provisions stating that the certificates were void to the extent prohibited by law, without specifying the extent to which the certificates were void in New Jersey.

33. The gift certificates that Plaintiffs and other New Jersey consumers purchased from Defendant are less valuable than they would have been if they did not contain expiration provisions.

34. The gift certificates that Plaintiffs and other New Jersey consumers purchased from Defendant are less valuable than they would have been if they contained two-year rather than one-year expiration provisions.

35. Plaintiffs and others similarly situated suffered an ascertainable loss from Defendant's sale of gift certificates to them bearing one-year expiration provisions in violation of the New Jersey Gift Certificate Statute.

## CLASS ACTION ALLEGATIONS

36. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 4:32 of the New Jersey Court Rules. The Class, of which Plaintiffs are members, is defined to include:

    > Any New Jersey resident who purchased a gift certificate redeemable at a restaurant located in New Jersey from RESTAURANT.COM on or after April 4, 2006 that contained one or more of the following:
    >
    > - a provision identifying an expiration period of less than 24 months from the date of issue or sale of the certificate, irrespective of any conditions or limitations on the applicability of the provision;
    >
    > - a statement that the expiration period or any other provision the certificate is applicable except where "prohibited by law" without specifying whether or not the provision was applicable in New Jersey; or
    >
    > - a statement that the certificate is void to the extent prohibited by law, without specifying the extent to which it is void or valid in New Jersey.

    Specifically excluded from the proposed Class are any officers, directors, or employees of Defendant and their immediate family members, and any judge presiding over this action and their immediate family members.

37. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

38. Plaintiffs' claims are typical of the claims of the members of the Class, since all such claims arise out of the purchase of gift certificates with allegedly the same or similar standard provisions.

39. Plaintiffs will fairly and adequately protect the interests of the Class, and have retained competent counsel experienced in the prosecution of consumer litigation and class actions.

40. Plaintiffs do not have interests antagonistic to the interests of the Class.

41. The Class, of which Plaintiffs are members, is readily identifiable.

42. There are questions of law and fact common to the members of the Class. These common questions include:

   a. Whether Defendant's sale to Plaintiffs and those similarly situated of gift certificates redeemable at New Jersey restaurants containing a provision for expiration one year from the date of issue violates New Jersey's Gift Certificate statute, N.J.S.A. 56:8-110,, the Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-1 *et seq.* and/or the Truth in Consumer Contract, Warranty and Notice Act ("TCCWNA"), at N.J.S.A. 56:12-15.

   b. Whether Defendant's sale to Plaintiffs and those similarly situated of gift certificates redeemable at New Jersey restaurants containing a provision that the certificate " Expires one (1) year from date of issue, except in California and where otherwise provided by law" violates TCCWNA at N.J.S.A. 56:12-15.

   c. Whether Defendant's sale to Plaintiffs and those similarly situated of gift certificates redeemable at New Jersey restaurants containing a provision that the certificate is "Void to the extent provided by law" violates TCCWNA at N.J.S.A. 56:12-15.

   d. Whether Defendant's inclusion of a one-year expiration provision in the gift certificates redeemable at New Jersey restaurants that it sold to Plaintiffs and those similarly situated diminished the value of those Gift Certificates and whether that diminishment constitutes an ascertainable loss under the CFA; and

   e. Whether the future sale by Defendant of gift certificates redeemable at New Jersey restaurants containing one-year expiration clauses should be enjoined pursuant to the CFA.

43. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

44. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

45. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action, or adjudications with respect to individual class members would be dispositive of the interests of other members not a party to the action. Prosecution as a class action will eliminate the possibility of repetitious litigation.

46. Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

47. Plaintiffs do not anticipate any difficulty in the management of this litigation.

## FIRST COUNT
### Violations of the New Jersey Gift Certificate Statute and Consumer Fraud Act

48. Plaintiffs restate all prior allegations as though fully pled here.

49. The New Jersey Gift Certificate Statute, N.J.S.A. 56:8-110, is a supplement to the Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-1, *et seq.* that imposes limits on expiration dates and dormancy fees and requires certain consumer notices on all gift certificates and gift certificates sold in New Jersey since April 4, 2006.

50. N.J.S.A. 56:8-110(a)(1) provides that "In no case shall a gift certificate or gift card expire within the 24 months immediately following the date of sale."

51. Defendant violated N.J.S.A. 56:8-110(a)(1) in its sale of gift certificates to New Jersey consumers for restaurants located in New Jersey since April 4, 2006 that contained a provision for expiration of the certificate after one year of the date of issue.

52. Defendant's business practices constitute a *per se* violation of the CFA pursuant to N.J.S.A. 56:8-112.

53. Defendant's business practices constitute unconscionable commercial practices, deception, fraud, false promises, false pretenses and/or misrepresentations in its interactions with Plaintiff and those similarly situated, in violation of the CFA, N.J.S.A. 56:8-1 et seq.

54. Plaintiff and those similarly situated suffered an ascertainable loss. Ascertainable losses sustained by Plaintiff and those similarly situated include: the value of the Gift Certificate because the consumer fraud occurred at the point of sale; the diminution in value of the Gift Certificate due to the provisions on the Gift Certificate which violate New Jersey laws; and the amounts by which the Gift Certificates could decrease in value due to unlawful expiration provisions.

## SECOND COUNT
### Violations of the Truth-in-Consumer Contract, Warranty and Notice Act

55. Plaintiffs, on behalf of themselves and others similarly situated, repeat and reallege all prior allegations as if set forth at length herein.

56. The gift certificates redeemable at restaurants located in New Jersey that Defendant sold to Plaintiffs and others similarly situated are consumer contracts and/or notices subject to TCCWNA.

57. TCCWNA, at N.J.S.A. 56:12-15 prohibits any seller from:
    - giving or displaying a written consumer notice that includes a provision that violates a clearly established right of the consumer or responsibility of the seller as established by New Jersey or federal law; or

    - offering or entering into a written consumer notice that includes a provision that violates a clearly established right of the consumer or responsibility of the seller as established by New Jersey or federal law.

58. Defendant violated TCCWNA at N.J.S.A. 56:12-15 with respect to Plaintiffs and others similarly situated by them selling gift certificates redeemable at New Jersey restaurants that contained provisions for expiration of the certificates in less than 24 months from the date of sale or issue.

59. TCCWNA, at N.J.S.A. 56:12-16, provides that, "No consumer contract, notice or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey."

60. Defendant violated TCCWNA at N.J.S.A. 56:12-16 with respect to Plaintiffs and others similarly situated by them selling gift certificates redeemable at New Jersey restaurants that contained statements that the expiration provision applied "except in California or where otherwise prohibited by law."

61. Defendant violated TCCWNA at N.J.S.A. 56:12-16 with respect to Plaintiffs and others similarly situated by them selling gift certificates redeemable at New Jersey restaurants that contained statements that the certificates were "[v]oid to the extent prohibited by law."

62. N.J.S.A. 56:12-17 mandates that a business that violates the provisions of TCCWNA shall be liable for statutory damages of "not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs."

WHEREFORE, Plaintiffs, on behalf of themselves and others similarly situated, demand judgment against the Defendant as follows:

A. For certification of a the putative Class pursuant to R. 4:32-1(b)(3) and/or R. 4:32-1(b)(2);

B. For an award of statutory damages to each Class member pursuant to TCCWNA at N.J.S.A. 56:12-17;

C. For treble damages pursuant to the Consumer Fraud Act ("CFA") at N.J.S.A. 56:8-19;

D. For equitable relief as authorized by the CFA, including

i. A declaratory ruling that Defendant violated the Gift Certificate Statute and the CFA;

ii. An injunction prohibiting Defendant from future violations of the Gift Certificate Statute and TCCWNA;

iii. An injunction prohibiting Defendant from imposing any expiration clause with a period of less than 24 months from the date of sale in violation of the Gift Certificate Statute;

iv. An injunction compelling Defendant to inform its customers that the one-year expiration period listed in gift certificates for New Jersey restaurants sold after April 4, 2006 violate the Gift Certificate Statute and that Defendant will not attempt to enforce the provisions; and

v. An injunction requiring Defendant to inform the New Jersey restaurants that the one-year expiration period will not be enforced.

E. For reasonable attorneys' fees and costs of suit in connection with this action pursuant to TCCWNA at N.J.S.A. 56:12-17 and/or the CFA at N.J.S.A. 56:8-19;

F. For pre-judgment and post-judgment interest; and

G. For such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues subject to trial.

## NOTICE TO ATTORNEY GENERAL OF ACTION

A copy of this Complaint will be mailed to the Attorney General of the State of New Jersey within ten days after the filing with the Court, pursuant to N.J.S.A. 56:8-20.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Andrew R. Wolf, Esq. is hereby designated as trial counsel for the Plaintiffs in the above matter.

## CERTIFICATION

Pursuant to R. 4:5-1, I hereby certify, to the best of my knowledge, that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

Dated: January 6, 2010

_____
Henry P. Wolfe
Galex Wolf, LLC
Attorneys for Plaintiffs and
the putative Class