UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARISSA SHELTON AND GREGORY BOHUS, on behalf of themselves and others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>RESTAURANT.COM INC.,<br><br>   Defendant. | Civil Action No. 10-0824 (JAP)<br><br>**OPINION** |

PISANO, District Judge.

  Plaintiffs Shelton and Bohus have brought this putative class action against Defendant Restaurant.com claiming Defendant's gift certificates are in violation of New Jersey law, specifically the New Jersey Gift Card Act, Consumer Fraud Act and Truth-in-Consumer Contract, Warranty and Notice Act. This Court has original jurisdiction to hear this dispute pursuant to 28 U.S.C. § 1332(d) because the suit is a class action, minimal diversity exists, and the aggregate value of the controversy arguably exceeds $5,000,000.

  Presently before the Court is a motion to dismiss filed by the Defendant. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth herein, the Court grants the Defendant's motion to dismiss.

 I. **Background**

  Defendant Resaurant.com is a Delaware corporation which markets, advertises, and sells gift certificates redeemable in exchange for food and beverages throughout the United States including New Jersey. Complaint, ¶¶ 8-9. Restaurant.com sells gift certificates in various amounts for local restaurants at a substantial discount off the face value through their internet

website. *Id*. ¶ 11. Potential customers pay on-line for the discounted gift certificate and then receive an electronic link to an internet page where the gift certificate can be printed. *Id*. ¶ 12. Defendant's certificates provide on their face the value of the certificate, name and address of the restaurant, limitations imposed on the redemption of the certificate by the restaurant and Defendant's standard provisions. *Id*. ¶ 13.

From December 2007 through September 2009, Plaintiff Shelton purchased ten $25 gift certificates from Defendant for various restaurants. *Id*. ¶ 15. On October 14, 2009, Plaintiff Bohus purchased one $10 gift certificate from Defendant. *Id*. ¶ 17. Both Plaintiffs' certificates contained the following standard provisions: (1) "Expires one (1) year from date of issue, except in California and where otherwise provided by law" and (2) "Void to the extent prohibited by law." *Id*. ¶¶ 19, 20. Since April 4, 2006, all or substantially all of Defendant's gift certificates sold to New Jersey residents and redeemable at New Jersey restaurants contained these provisions. *Id*. ¶¶ 21, 25.

On January 6, 2010, Plaintiffs filed a two-count complaint in the Superior Court of New Jersey, Law Division, Middlesex County, claiming violations of the New Jersey Gift Certificate statute under the Consumer Fraud Act and the Truth-in-Consumer Contract, Warranty and Notice Act. On February 17, 2010, the case was removed to the United States District Court pursuant to 28 U.S.C. § 1441(a) on the grounds of diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

II. **Discussion**

    a.  *Motion to Dismiss Standard of Review*

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. Refashioning the

appropriate standard, the United States Supreme Court found that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]" (internal quotation marks omitted)).  Therefore, for a complaint to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 127 S. Ct. at 1965 (internal citations and footnote omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 127 S. Ct. at 570.)  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950.  If, however, the well-pleaded facts only allow the court to infer a mere possibility of misconduct, the complaint has not demonstrated that the pleader is entitled to relief.  *Id*.

      b. *Legal Analysis*

          i. <u>New Jersey Consumer Fraud Act & Gift Certificate Act</u>

Plaintiffs allege violations of the New Jersey Consumer Fraud Act and Gift Certificate Act based on the alleged inappropriate disclosures and language on the face of Defendant's certificates. The New Jersey Consumer Fraud Act ("CFA") permits a private cause of action where an individual uses or employs "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with the intent that others rely upon such concealment, suppression or omission in connection with the sale or advertisement of any merchandise. . . ." N.J. Stat. Ann. § 56:8-2. To sustain a claim under the CFA, a party must show 1) unlawful conduct by the defendants, 2) an ascertainable loss on the part of the plaintiff, and 3) a causal relationship between the unlawful conduct and the party's ascertainable loss. *New Jersey Citizen Action v. Schering-Plough Corp.*, 367 N.J. Super. 8, 12-13 (App. Div. 2003).

New Jersey's Gift Certificate Act ("GCA") supplements the CFA by establishing the standard for unlawful conduct in terms of gift certificates. N.J. Stat. Ann. § 56:8-110. The GCA provides that a gift certificate or gift card may not expire within 24 months immediately following the date of sale. *Id*. § 56:8-110(a)(1). Gift certificate issuers are also not permitted to charge a dormancy fee against the gift certificate within 24 months immediately following the date of sale or the most recent activity on the certificate. *Id*. § 56:8-110(a)(2). If such a dormancy fee is charged against a certificate, the GCA caps the fee at $2.00 per month. *Id*. § 56:8-110(a)(3). Additionally, the GCA mandates that the written notice of the expiration date or dormancy fee must be printed in at least 10 point font on the gift certificate. *Id*. § 56:8-110(3)(1). Under the umbrella of the CFA, to establish a claim under the GCA, a party must

show a violation of these GCA provisions, an ascertainable loss on the part of the plaintiff, and a causal relationship between the violation and the party's ascertainable loss.  *See* N.J. Stat. Ann. § 56:8-112 ("It is an unlawful practice and a violation of [the CFA] to violate the provisions of the [GCA].").

Assuming Plaintiffs can prove Defendant's conduct was an unlawful practice under the GCA and CFA by not explicitly providing New Jersey's two-year gift certificate expiration, the issue becomes whether Plaintiffs have adequately plead an ascertainable loss.  New Jersey courts have recognized that the term "ascertainable loss" remains elusive and undefined under the CFA statute.  *Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234, 248 (2005); *Dabush v. Mercedes-Benz USA, LLC*, 378 N.J. Super. 105, 121 (App. Div. 2005).  Generally, an ascertainable loss is "when a consumer receives less than what was promised."  *Union Ink Co., Inc. v. AT&T Corp.*, 352 N.J. Super. 617, 646 (App. Div. 2002).  "To give effect to the legislative language describing the requisite loss for private standing under the CFA . . . a private plaintiff must produce evidence from which a factfinder could find or infer that the plaintiff suffered an actual loss."  *Thiedemann*, 183 N.J. at 248.  The plaintiff bears the burden of demonstrating that the loss is quantifiable or measurable and simply not hypothetical or illusory.  *Id*.  Ordinarily, the plaintiff need not suffer an out-of-pocket loss, but must be able to calculate the loss with some reasonable degree of certainty.  *Cox v. Sears Roebuck & Co.*, 138 N.J. 2, 22 (1994); *see Theidemann*, 383 N.J. at 248-49 (stating that a claim of reduced value can be an ascertainable loss as long it is presented with some certainty demonstrating it is capable of calculation).

In satisfying the pleading standard on a motion to dismiss, a plaintiff must allege in her complaint that she suffered an ascertainable loss, but need not provide evidence of the nature of

5

the loss or the diminution in value as required in a summary judgment motion. *Perkins v. DaimlerChrysler Corp.*, 383 N.J. Super. 99, 110-11 (App. Div. 2006). However, even despite this low threshold, a plaintiff cannot simply rely on broad, conclusory allegations in their pleadings and a court "need not countenance hypothetical or illusory losses or the wholly subjective expectations of a consumer." *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 300 (D.N.J. 2009); *Franulovic v. Coca-Cola Co.*, No. 07-539, 2007 U.S. Dist. LEXIS 79732, *23 (D.N.J. Oct. 25, 2007) ("[Plaintiff's] conclusory statement that she and other consumers suffered an 'ascertainable loss' is insufficient."). At the very least on a motion to dismiss, "a consumer must be able to quantify or measure what loss he has suffered or will suffer as a result of the unlawful conduct." *Arcand*, 673 F. Supp. 2d at 300 (citing *Perkins*, 383 N.J. Super. at 106).

Here, Plaintiffs argue that the gift certificates purchased were less valuable to consumers without the applicable two-year New Jersey expiration date:

> 33. The gift certificates that Plaintiffs and other New Jersey consumers purchased from Defendant are less valuable than they would have been if they did not contain expiration provisions.
>
>     \* \* \*
>
> 54. Plaintiff and those similarly situation suffered an ascertainable loss. Ascertainable losses sustained by Plaintiff and those similarly situated include: the value of the Gift Certificate because the consumer fraud occurred at the point of sale; the diminution in value of the Gift Certificate due to the provisions on the Gift Certificate which violate New Jersey laws; and the amount by which the Gift Certificates could decrease in value due to unlawful expiration provisions.

Compl., ¶¶ 33, 54. Outside of mere recitation of the ascertainable loss element, Plaintiffs fail to supply any factual allegations purporting to show that such losses were not hypothetical or illusory or the wholly subjective expectations of a consumer. In fact, Plaintiffs do not allege that they attempted to use such certificates and were refused by a restaurant, that their certificates in fact had "expired," that certificates were destroyed or remained unused based on a false belief

regarding the expiration date or that they suffered any other type of economic injury arising out of the purchase of these certificates. The pleadings lack any factual information as to how and why Plaintiffs have suffered any loss or diminution in value. Additionally, the pleadings are devoid of any facts which quantify or measure what loss was suffered. According to Plaintiffs' pleadings, any purchaser of Defendant's gift certificates experienced an ascertainable loss even if there was no actual economic loss and the customer received the full benefit of their gift certificate. While the pleading standard requires Plaintiffs to meet a low threshold, in this case, Plaintiffs have failed to articulate any ascertainable loss outside of using the term in their Complaint.

Notwithstanding Plaintiffs' broad and conclusory pleadings, the language on Defendant's gift certificate refutes any claim that customers suffered an ascertainable loss through a diminution in value. While the language "Expires one (1) year from date of issue, except in California and where otherwise provided by law" or "Void to the extent prohibited by law" may qualify as unlawful conduct under the GCA, such language places the customer on notice that the expiration date in New Jersey may not be one year. As such, consumers are placed on notice that the applicable New Jersey law would govern and hence a two year expiration date would be enforced. Therefore, Plaintiffs have not shown that any alleged loss is ascertainable.

Since *Ashcroft* requires a court to distinguish factual contentions from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" and dismiss a pleading unless it "contain[s] sufficient factual matter . . . to 'state a claim to relief that is plausible on its face,'" the Court finds that Plaintiffs have failed to set forth either out of pocket losses or demonstrate loss of value sufficient to satisfy the ascertainable loss requirement

under the CFA and GCA. *See Ashcroft*, 129 S. Ct. at 1949. As such, Plaintiffs have failed to show a cause of action under CFA and GCA.

        ii.   New Jersey Truth-in-Consumer Contract, Warranty and Notice Act

Count II asserts that Defendant violated the New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"). The TCCWNA provides that

> [no] seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any established legal right of a consumer or responsibility of a seller, lessor, creditor or lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed. Consumer means any individual who buys, leases, borrows or bails any money, property or service which is primarily for personal, family or household purposes.

N.J. Stat. Ann. § 56:12-15. The TCCWNA mandates that a consumer contract, notice or sign may not state that any of its provisions are or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within New Jersey. *Id*. § 56:12-16. "Any person who violates the provisions of this act shall be liable to the aggrieved consumer for a civil penalty of not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs." *Id*. § 56:12-17.

In question here is the interpretation of the phrase "consumer." Plaintiffs argue "consumer" encompasses an individual who purchases discounted gift certificates from a third party vendor which becomes valid only if certain criteria are met. Specifically, the Terms and Conditions of the gift certificates state that the certificates

> are promotional certificates that are offered to customers below their face value and shall be honored only in combination with additional consideration and

> subject to the terms and conditions of Restaurant.com and the participating restaurant or merchant. Certificates do not provide customers with an absolute right to redeem a certificate for its full value without such additional consideration.

Thede Decl., Ex. C. Essentially, Defendant's gift certificates provide an individual with a contingent right for discounted services at a selected restaurant. There is no support, however, in the statutory language, legislative history or case law that such a contingent right to a discount constitutes the purchase of "property or service which is primarily for personal, family or household purposes."

Consistent with traditional canons of statutory construction, the Court's analysis begins with the plain language of the statute. *Miah v. Ahmed*, 179 N.J. 511, 520 (2004). "In the absence of contrary legislative intent, 'such language should be given its ordinary meaning.'" *Id*. When the meaning of the statutory language is clear and unambiguous, the court's duty is to enforce the statute as written. *Id*. The plain language of TCCWNA only grants a remedy where a consumer contract exists. However, the plain language of the statute limits "consumer" to one who buys services or property primarily for personal purposes, not one who purchases a contingent right to services from a third party. In this case, Defendants were not selling any of their property or services, but only the possibility of receiving a discount on the services of a participating restaurant. The limited case law on TCCWNA supports this statutory interpretation in so far as the TCCWNA has been applied only to non-contingent tangible property and services sold directly by the provider. *See McGarvey v. Penske Auto. Group*, 639 F. Supp. 2d 450 (D.N.J. 2009) (finding TCCWNA applicable to the warranty for an auto anti-theft device where plaintiff had purchased the vehicle from defendant); *United Consumer Fin. Servs. v. Carbo*, 410 N.J. Super. 280 (App. Div. 2009) (applying TCCWNA to retail installment contracts for the purchase of vacuum cleaners sold door-to-door); *Bosland v. Warnock Dodge, Inc.*, 396 N.J. Super. 267

(App. Div. 2007) (applying TCCWNA to a registration fee charged when plaintiff purchased a vehicle from defendant).

Because the case law limits application of TCCWNA to the contracts stemming from the purchase of personal products or services directly from the seller, the Court finds no reason to adopt Defendant's expansive reading of the terms "property," "service" or "consumer." Therefore, Plaintiffs are not consumers as defined under the TCCWNA and the gift certificates sold by Defendant do not constitute consumer contracts.  As such, Plaintiffs have not shown a cause of action under the TCCWNA.

### III.   Conclusion

For the reasons set forth above, the Defendant's motion to dismiss is granted.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Date: June 15, 2010