**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LARISSA SHELTON AND GREGORY BOHUS, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RESTAURANT.COM, INC,<br><br>Defendant. | Civil Action No. 10-00824 (JAP) (DEA)<br><br>*Document electronically filed*<br><br>**RETURN DATE:  January 6, 2014**<br><br><br>**ORAL ARGUMENT REQUESTED** |

---

**DEFENDANT RESTAURANT.COM, INC.'S BRIEF ON REMAND**
**IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**
**PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

Michael R. McDonald, Esq.
Damian Santomauro, Esq.
Caroline Oks, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500

Attorneys for Defendant
Restaurant.com, Inc.

#2019117
109982-68234

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...............................................................................................ii

PRELIMINARY STATEMENT .........................................................................................1

STATEMENT OF FACTS ..................................................................................................2

      A.    Allegations of the Complaint .................................................................2

      B.    The Restaurant.com Certificates ...........................................................4

      C.    The District Court's 2010 Decision ......................................................6

      D.    The Third Circuit Proceedings and Certification of Question of Law to the New Jersey Supreme Court......................................................6

LEGAL ARGUMENT .........................................................................................................9

POINT I ................................................................................................................................9

      A.    Prospective Application is Required Because the Supreme Court's Decision Established a New Rule of Law By Deciding an Issue of First Impression. ......................................................................................10

      B.    Retroactive Application Would Clearly Produce Inequitable Results........................................................................................................13

CONCLUSION ...................................................................................................................18

#2019117
109982-68234

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

Alderiso v. Medical Center of Ocean Cnty.,
    167 N.J. 191 (2001) ......................................................................................... 11, 16

Burlington Ins. Co. v. Northland Ins. Co.,
    766 F. Supp. 2d 515 (D.N.J. 2011) .................................................................... 9

Cox v. RKA Corp.,
    164 N.J. 487 (N.J. 2000)..................................................................................... 11

Erie R.R. Co. v. Tompkins,
    304 U.S. 64 (1938), cert. denied, 485 U.S. 1029 (1988) ........................... 9

Fischer v. Canario,
    143 N.J. 235  (N.J. 1996)..................................................................................... 9

Fletcher-Harlee Corp. v. Pote Concrete Contrs.,
    482 F.3d 247 (3d Cir. 2007) ............................................................................... 14

Henderson v. Camden County Mun. Util. Auth.,
    176 N.J. 554 (N.J. 2003)), cert. denied, 546 U.S. 1054 (2005) ........................ passim

In re Asbestos Litigation,
    829 F.2d 1233 (3d Cir. 1987) ............................................................................. 9

Kara Homes, Inc. v. Century Kitchens, Inc. (In re Kara Homes, Inc.),
    374 B.R. 542 (Bkrtcy. D.N.J. 2007) .................................................................. 10, 15

Levine v. United Healthcare Corp.,
    285 F. Supp. 2d 552 (D.N.J. 2003) .................................................................... 10

Levine v. United Healthcare Corp.,
    402 F.3d 156 (3d Cir. 2005) ............................................................................... 9

Malinowski v. Jacobs,
    189 N.J. 345 (N.J. 2007)..................................................................................... 9, 10

Montells v. Haynes,
    133 N.J. 282 (N.J. 1993)..................................................................................... 10, 13

N.J. Election Law Enforcement Comm'n v. Citizens to Make Mayor-Council Gov't Work,
    107 N.J. 380 (N.J. 1987)..................................................................................... 9

Reuter v. Borough Council of Fort Lee,
    167 N.J. 38 (N.J. 2001)....................................................................................... 11

Rutherford Educ. Ass'n v. Bd. of Educ. of Rutherford,
    99 N.J. 8 (N.J. 1985)........................................................................................... 13

#2019117
109982-68234

Sands v. McCormick,
   502 F.3d 263 (3d Cir. 2007) ................................................................................ 3

SASCO 1997 NI, LLC v. Zudkewich,
   166 N.J. 579 (N.J. 2001) ........................................................................... 11, 14

Selective Ins. Co. of America v. Rothman,
   208 N.J. 580 (N.J. 2012) ........................................................................... 10, 13

Shelton v. Restaurant.com,
   214 N.J. 419 (N.J. 2013) .................................................................. passim

Shelton v. Restaurant.com,
   No. 10-2980, 2011 U.S. App. LEXIS 26594 (3d. Cir. Feb. 10, 2011) ......... 7, 12, 14

Shelton v. Restaurant.com,
   No. 10-2980, 2013 U.S. App. LEXIS 22341 (3d Cir. Nov. 4, 2013) ............ 2, 8, 17

Shelton v. Restaurant.com,
   No. 10-0824 (JAP), 2010 U.S. Dist. LEXIS 59111 (D.N.J. June 15, 2010) ...... 6, 12

Velez v. City of Jersey City,
   180 N.J. 284 (N.J. 2004) ........................................................................... 10, 11, 12

Wein v. Morris,
   194 N.J. 364 (N.J. 2008) ........................................................................... 10

**Statutes**

N.J. STAT. ANN. § 56:12-15 ........................................................................... 6, 8

**Rules**

New Jersey Court Rule 2:12A-1 ........................................................................... 7, 12

#2019117
109982-68234

## PRELIMINARY STATEMENT

This is a no-injury putative class action seeking windfall penalty damages for the sale of Restaurant-Specific promotional certificates ("Certificates") on the internet website "Restaurant.com."  The Certificates enable purchasers to obtain discounts on meals at their selected restaurants, under conditions specified by those third-party restaurants.  This lawsuit only challenges certain language in the Certificates, not the Plaintiffs' ability to use their Certificates to enjoy their bargained-for discounts at the third-party restaurants.  Plaintiffs' Complaint alleges that because "Gift Certificates" purchased through the Restaurant.com website contained the phrase, "[e]xpires one (1) year from date of issue, except . . . where otherwise prohibited by law," the Certificates violated New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act, N.J. STAT. ANN. §§ 56:12-14 to 12-18 ("TCCWNA").

This case returns to the District Court on remand from the Third Circuit Court of Appeals.  In 2010, this Court dismissed Plaintiffs' Complaint in its entirety.  In November 2013, the Circuit Court affirmed the dismissal of Plaintiffs' New Jersey Consumer Fraud Act ("CFA") claim.  However, on Plaintiffs' second claim, TCCWNA, the Court of Appeals had certified two questions of law to the New Jersey Supreme Court to determine whether, in fact, the TCCWNA could be applied to **intangible** property, inasmuch as no prior decision from any New Jersey or federal court had so construed the statute.  Because the Supreme Court answered in the affirmative, the Third Circuit vacated dismissal and remanded to this Court.

Defendant Restaurant.com again moves to dismiss the complaint because the Shelton opinion should be given prospective application *only*.  Under governing state and federal principles applicable here, retroactive application would not be appropriate because Shelton establishes a new rule of law and retroactive application would produce substantial inequitable results.

## STATEMENT OF FACTS

The two named Plaintiffs purchased Certificates from the internet website "Restaurant.com" which would have enabled them to receive bargained-for discounts from selected third party participating restaurants.  Complaint ("Compl."), ¶¶ 5, 10, 17.  The Complaint does not allege that Plaintiffs ever attempted to use their Certificates.  Id.  Instead, they filed this putative class action lawsuit seeking to recover statutory penalty damages for themselves and untold tens of thousands of persons who purchased such "Certificates"  Id. at ¶ 36.

**A.     Allegations of the Complaint**

Certificates valued at $25 may be purchased at Restaurant.com for a maximum of $10 and promotions are offered for less.  See Declaration of Scott Thede ("Thede Decl."), ECF No. No. 6-3 at 1-18.  Plaintiff Shelton obtained her eleven $25 Certificates for the following amounts:  $1.00 (4), $1.50 (1), $2.00 (2), $5.00 (2), and $6.00 (2).  Id. at 1-2; see also Compl., ¶ 15; Compl. at Ex. A (annexing 12 certificates).  Plaintiff Bohus obtained his $10 Certificate for $4.00.  Thede Decl., ECF No. No. 6-3 at 1-2; see also Compl., ¶ 17; Compl. at Ex. A.

The Complaint charged that the Certificates sold on Restaurant.com contained language prohibited by the Gift Card Act(which is part of the N.J. Consumer Fraud Act ("CFA"))[1] and the TCCWNA, and therefore, violated the CFA and TCCWNA.  Compl. at ¶ 1.  Specifically, Plaintiffs allege that the sale of such Certificates violates the TCCWNA because the Certificates contain the phrases "except in California and where otherwise prohibited by law" and "[v]oid to the extent prohibited by law."  Id. at ¶ 55-62.

---

[1]     The Court of Appeals affirmed the District Court's dismissal of Plaintiffs' CFA claim (First Count). Shelton v. Restaurant.com, No. 10-2980, 2013 U.S. App. LEXIS 22341, at *9 (3d Cir. Nov. 4, 2013).

#2019117
109982-68234

Critically, the Complaint:

1.      Does **not** allege that either Plaintiff was unable to redeem any of the "gift certificates" for their full unused face value at the participating restaurants;

2.      Does **not** allege that Plaintiffs even attempted to use or redeem their "gift certificates;"

3.      Does **not** allege that Plaintiffs presented their Certificates at their chosen restaurants and were unable to use them because they allegedly "expired;"

4.      Does **not** allege how Plaintiffs were purportedly deprived of the full face value of their Certificates; and

5.      Does **not** allege that Plaintiffs were deceived in any way by their purchase of Certificates.

The Complaint is completely devoid of factual allegations of any conceivable harm or injury.  Id. at ¶ 34.  In fact, Plaintiffs' counsel represented to the Third Circuit panel at oral argument that Plaintiff "Shelton has used most, if not all of her -- of her gift certificates that she purchased."  Declaration of Michael R. McDonald, at Ex. A (Tr. 17:3-11).[2]

Under the guise of the TCCWNA, the Complaint asserts claims on behalf of thousands who did not suffer any conceivable economic loss in connection with their purchase of Certificates, asserting entitlement to windfall damages on behalf of all purchasers of Certificates, even those like Plaintiff Shelton who have already redeemed their Certificates at participating restaurants and received the full benefit of their bargain.

---

[2]      The Court of Appeals transcript is properly considered in this motion because "portions of a transcript of a preliminary hearing may be considered in connection with the defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)."  Sands v. McCormick, 502 F.3d 263, 265, 268 (3d Cir. 2007) (permitting a court to rely on the complaint, attached exhibits, and matters of public record, including other judicial proceedings, in ruling on a motion to dismiss).

3

**B.      The Restaurant.com Certificates**

Restaurant.com is not a retailer, but a marketer and promoter of participating restaurants, and, in fact, provides no goods or merchandise.  Thede Decl. at Ex. B (excerpt of Restaurant.com's website, entitled "Who We Are"), ECF No. 6-3 at 8.  Restaurant.com provides its members with the right to print Certificates or coupons issued by participating restaurants, which are offered by the restaurants to Restaurant.com members below the face value of the Certificates and are offered at a substantial discount.  Thede Decl. at Ex. C (Restaurant.com's "Terms and Conditions"), ECF No. 6-3 at 16.

To purchase a Certificate, an individual must first register by creating a member account, which includes reading the Restaurant.com Terms and Conditions and checking a box confirming that the individual agrees to the Restaurant.com Terms and Conditions.  Thede Decl. at Ex. C (Restaurant.com's "Terms and Conditions"), ECF No. 6-3 at 10.  When a Restaurant.com member purchases a Certificate through the Restaurant.com web-site, the member must again confirm she read and agreed to Restaurant.com's Terms and Conditions.  See id.  Thus, Plaintiffs necessarily agreed to the Terms and Conditions when creating their member accounts, and for **each** Certificate purchase.

Restaurant.com's Terms and Conditions make it perfectly clear that the third-party restaurant is the **issuer** of the Certificate, and the third-party **restaurant** actually **provides whatever goods** are subject to the potential discount.  Restaurant.com merely provides a purchaser with the contingent right to use the Certificate to obtain a future discount on that third party's goods or services, provided all conditions are satisfied.  The Terms and Conditions expressly provide:

> All Certificates printed from the Restaurant.com website or any
> website associated with Restaurant.com (hereinafter "Certificates")
> are promotional Certificates that are offered to customers below

4

their face value and shall be honored only in combination with additional consideration and subject to the terms and conditions of Restaurant.com and the participating restaurant or merchant. Certificates do not provide customers with an absolute right to redeem a certificate for its full value without such additional consideration.

By purchasing a Restaurant.com Store Credit Certificate or Card, a customer acquires the right to print a Restaurant-Specific Certificate or Merchant Certificate, issued by any one of the numerous participating non-affiliated restaurants and merchants. Upon the completion of such transaction, the customer acquires that right and has that right delivered to him or her.

* * *

The holder and issuer of a Restaurant-Specific Certificate is the Restaurant. . . .

Thede Decl. at Ex. C (Restaurant.com's "Terms and Conditions"), ECF No. 6-3 at 16.

Restaurant.com further advises that a purchase of the promotional Certificate only provides the "right to print" the Certificates issued by participating restaurants and whether the purchaser elects to print or use the Certificate is the purchaser's decision.  Id.  Thus, the language on the certificates would not have appeared unless and until a member of Restaurant.com (1) purchased the right to print a Certificate and (2) actually exercised that right and printed the Certificate.  Id.

Both the Terms and Conditions and Certificates explicitly condition the use of these Certificates on the payment of additional consideration to the participating restaurant.  Compl. at Ex. A, ECF No. 1-2 at 2-7, 10 ("minimum purchase of $35"); Id. at 8 ("toward the purchase of a regularly Four Course dinner for 2"); Id. at 9 ("2 entrée minimum purchase"); Id. at 11 ("minimum purchase of 2 Adult Brunches"); Id. at 12 ("minimum food purchase of $50"); Id. at 14 ("minimum food purchase of $20").  The Certificates also contain "Restaurant-Specific" terms and conditions and "Special Instructions" that are applicable to the use of the Certificates.

#2019117
109982-68234

Further, the Certificates contain other limitations set by the participating restaurant, including, by way of example, prohibitions on the use of the Certificates in connection with the purchase of alcohol or the use at certain times of the day or week, Id. at 5 ("dinner only," "[e]xcludes Saturday night's"); Id. at 6 ("[n]ot valid on Friday and Saturday"); Id. at 9 ("[e]xcludes alcohol"), a minimum gratuity.  Id. at 8 ("18% gratuity added to pre-discounted check amount").

## C.       The District Court's 2010 Decision

In order to plead a claim that the Certificates violated the TCCWNA, the Certificates must first constitute "consumer contracts" within the meaning of the TCCWNA, and Plaintiffs must be "consumers" as that term is defined by the TCCWNA.  Critically, the TCCWNA specifically limits the definition of "consumer" to "any individual who buys, leases, borrows, or bails any money, property or service which is primarily for personal, family or household purposes."  N.J. STAT. ANN. § 56:12-15.

On Defendant's motion to dismiss, the District Court held that based upon "the plain language of the statute," the unique Certificates here do not constitute such "property or service." Shelton v. Restaurant.com, No. 10-0824 (JAP), 2010 U.S. Dist. LEXIS 59111, at *14-15 (D.N.J. June 15, 2010).  Therefore, Plaintiffs were not "consumers" under the Act and the Certificates did not constitute "consumer contracts" within the meaning of the TCCWNA.  Id. at *16. Plaintiffs appealed.

## D.       The Third Circuit Proceedings and Certification of Question of Law to the New Jersey Supreme Court.

Plaintiffs' appeal was fully briefed and argued in the Third Circuit.  At oral argument, Plaintiffs' counsel acknowledged upon direct questioning from the Panel that no New Jersey court decision had ever applied the TCCWNA to intangible property, like the Certificates in

6

question. Transcript of Hearing, Ex. A to McDonald Decl., T6:20-7:3.  Plaintiffs' counsel also

explained to the Panel that, in Plaintiffs' view, because the TCCWNA provides for statutory

damages without a need to show actual damages, the statute would permit a person to purchase a

Certificate on Day 1 and then file a class action complaint for statutory damages on the very

same day on behalf of all purchasers of Certificates. Id. at T14:17-15:15.  The Third Circuit

Panel expressed some concern in its further questioning that Plaintiffs' interpretation of the

statute could have far-reaching disastrous consequences for those in the industry that deal in

intangible property.  Id. at T29:19-32:6.

Ultimately, on May 17, 2011, the Third Circuit certified two questions to the New Jersey

Supreme Court, 3d Cir. ECF 5/17/2011, pursuant to New Jersey Court Rule 2:12A-1:

> (1) Does the New Jersey Truth–in–Consumer Contract, Warranty,
> and Notice Act ([N.J. Stat. Ann. §§] 56:12–14 to 12–18)
> ("TCCWNA") apply to both tangible and intangible property, or is
> its scope limited to only tangible property?
>
> (2) Does the purchase of a gift certificate which is issued by a
> third-party internet vendor and is contingent, *i.e.*, subject to
> particular conditions that must be satisfied in order to obtain its
> face value, qualify as a transaction for "property . . . which is
> primarily for personal, family or household purposes" so as to
> come within the definition of a "consumer contract" under section
> 15 of the TCCWNA?

Shelton, 2011 U.S. App. LEXIS 26594, at *12-13 .

The New Jersey Supreme Court conducted briefing and oral argument on the certified

questions.  Shelton v. Restaurant.com, 214 N.J. 419, 427 (N.J. 2013).  For reasons not

articulated in the Court's opinion, the Court  reformulated the questions, requested a second

round of briefing, and conducted an additional oral argument.  Id.   The reformulated questions

were as follows:

> 1) Whether Restaurant.com's coupons, which were issued to
> plaintiffs and redeemable at particular restaurants, constitute

7

"property" under the New Jersey Truth–in–Consumer Contract, Warranty, and Notice Act, [N.J. STAT. ANN. §§] 56:12–14 to –18;

2) If the coupons constitute "property," whether they are "primarily for personal, family or household purposes," [N.J. STAT. ANN. §] 56:12–15; [and]

3) Whether the sale of the coupons by Restaurant.com to plaintiffs constituted a "written consumer contract," or whether the coupons "gave or displayed any written consumer warranty, notice, or sign," under [N.J. STAT. ANN. §] 56:12–15.

Id.

After two rounds of both briefing and oral argument in the Supreme Court, on July 9, 2013, the New Jersey High Court ultimately "conclude[d] that the TCCWNA covers the sale of tangible and intangible property[,]" and thus "certificates issued by participating restaurants and offered for purchase by an internet marketer" could qualify as such intangible property." Id. at 547.

On November 4, 2013, the Court of Appeals issued its decision on Plaintiffs' appeal, (i) affirming the District Court's Order dismissing the CFA count; (ii) vacating the District Court's 2010 decision and order as it pertained to Plaintiffs' TCCWNA claim; and (iii) remanding to the District Court. Shelton, 2013 U.S. App. LEXIS 22341, at *9.

#2019117
109982-68234

## LEGAL ARGUMENT

## POINT I

**THE SOLE REMAINING   CLAIM IN PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED BECAUSE THE NEW JERSEY SUPREME COURT'S CERTIFICATION DECISION SHOULD BE APPLIED HERE PROSPECTIVELY ONLY.**

Under New Jersey law,[3] all opinions are applied retroactively unless prospective application is deemed appropriate.  Levine v. United Healthcare Corp., 402 F.3d 156, 161 n.6 (3d Cir. 2005) (finding that "absent a specific finding that [an] opinion should be limited to prospective application, the opinion would be applied retroactively" (citing Henderson v. Camden County Mun. Util. Auth., 176 N.J. 554, 561-62 (N.J. 2003)), cert. denied, 546 U.S. 1054 (2005); see also Burlington Ins. Co. v. Northland Ins. Co., 766 F. Supp. 2d 515, 527-28 (D.N.J. 2011).

The fair and equitable disposition of a case, however, counsels against retrospective application. Fischer v. Canario, 143 N.J. 235, 244 (N.J. 1996); N.J. Election Law Enforcement Comm'n v. Citizens to Make Mayor-Council Gov't Work, 107 N.J. 380, 387 (N.J. 1987) ("[W]e accord our rulings prospective effect in cases where the interests of justice mandate such an approach.").  This is especially true "when 'considerations of fairness and justice, related to reasonable surprise and prejudice to those affected' counsel us to do so."  Malinowski v. Jacobs, 189 N.J. 345, 352 (N.J. 2007) (quoting N.J. Election Law Enforcement Comm'n, 107 N.J. at 388.  Specifically, a decision should not be applied retroactively "'when a court renders a first-instance or clarifying decision in a murky or uncertain area of the law,' . . . when the affected

---

[3]        "[I]n diversity cases, federal courts apply the substantive law produced by the state legislature or the highest court of the state." In re Asbestos Litigation, 829 F.2d 1233, 1237 (3d Cir. 1987) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)), cert. denied, 485 U.S. 1029 (1988).

#2019117
109982-68234

party 'reasonably relied on a plausible, although incorrect, interpretation of the law,' or 'a member of the public could reasonably have relied on a different conception of the state of the law.'" Selective Ins. Co. of America v. Rothman, 208 N.J. 580, 587 (N.J. 2012) (citation omitted).

Accordingly, "limiting a judgment to 'prospective application is appropriate when (1) the decision establishes a new rule of law, by either overruling past precedent or deciding an issue of first impression, and (2) when retroactive application could produce substantial inequitable results.'" Id. (quoting Velez v. City of Jersey City, 180 N.J. 284, 297 (N.J. 2004)); see also Levine v. United Healthcare Corp., 285 F. Supp. 2d 552 (D.N.J. 2003) (certifying for appeal the question of retroactivity), subsequent appeal at, remanded by, 402 F.3d 156 (3rd Cir. 2005) (declining to reach the issue of retroactivity); Kara Homes, Inc. v. Century Kitchens, Inc. (In re Kara Homes, Inc.), 374 B.R. 542, 552 (Bkrtcy. D.N.J. 2007); Montells v. Haynes, 133 N.J. 282, 297-98 (N.J. 1993). Here, applying the New Jersey Supreme Court's novel decision retroactively would constitute a miscarriage of justice because the issue of whether the TCCWNA applied to intangible property was one of first impression, and application of this decision to the instant case would produce a substantially inequitable result.

A.    **Prospective Application is Required Because the Supreme Court's Decision Established a New Rule of Law By Deciding an Issue of First Impression.**

A court must apply a decision prospectively when the decision "establishes a new rule of law by overruling past precedent or by deciding an issue of first impression." Henderson, 176 N.J. at 561-62; see also Wein v. Morris, 194 N.J. 364, 380 (N.J. 2008) (declining to retroactively apply its creation of a uniform approach for finality of court orders compelling arbitration). Cf. Malinowski, 189 N.J. at 351 (declining to prospectively apply its decision decided the same day "[b]ecause there [was] no new rule of law"). Stated differently, where there is "little precedent

10

on which the parties could definitively rely and no direct authority in New Jersey[,]" making the law "uncertain," parties "should not be required to bear the consequences of [the court's] decision." Cox v. RKA Corp., 164 N.J. 487, 515 (N.J. 2000); see also Velez, 180 N.J. at 297 ("A new rule of law is created when, in a case of first impression, 'a plaintiff reasonably relie[s] on a plausible, although incorrect, interpretation of the law.'" (quoting Alderiso v. Medical Center of Ocean Cnty., 167 N.J. 191, 204 (2001) (announcing a new rule on a question of law that was previously unsettled and refusing to retroactively apply that new rule to plaintiff)). Cf. Reuter v. Borough Council of Fort Lee, 167 N.J. 38, 42 (N.J. 2001) (holding that ordinance ran afoul of statute, but applying decision retroactively because of "long-term interpretation of the law" and "reliance" on that interpretation).

An issue of first impression exists where courts have not yet addressed an issue of statutory construction. See Henderson, 176 N.J. at 562 (citing Reuter, 167 N.J. 42; SASCO 1997 NI, LLC v. Zudkewich, 166 N.J. 579, 594 (N.J. 2001)). Given the paucity of cases construing the TCCWNA, the Supreme Court's decision to include intangible property within the confines of the TCWNNA's definition of consumer clearly constitutes a new rule. No Court, prior to now, had ever held that a contingent, inchoate right -- like  the right to a discount from another -- amounts to "property . . . primarily for personal, family or household purposes" within the meaning of the TCCWNA.  Moreover, no Court had ever, as Plaintiffs urged, applied the extraordinarily broad definition of "personal property" from New Jersey's general statutes to replace the TCCWNA's key statutory phrase.

The New Jersey Supreme Court has held that a party's interpretation was reasonable where "two panels of [the] Appellate Division came to opposite conclusions when reviewing this issue." Velez, 180 N.J. at 297 ("Because this is a case of first impression before our Court and in

11

view of the uncertainty of this issue, the interests of justice will better be served by prospective application of our decision." (citation omitted)).  The <u>Velez</u> court articulated a "new rule of law" regarding notice requirements under the New Jersey Torts Claim Act, and thus held that it was to be "applied prospectively to all similar causes of action accruing after the date of this opinion." <u>Id.</u>  Similarly here, the District Court, applying the basic principles of statutory construction, looked to the plain language of the statute in determining that the certificates were not "property" as defined by the TCCWNA.  <u>Shelton</u>, 2010 U.S. Dist. LEXIS 59111, at *14.  Defendant should not be faulted where the District Court reached an equal, reasonable conclusion.

Here, on appeal before the Third Circuit, Plaintiff conceded that no other cases in New Jersey had held that intangible property was covered by the TCCWNA, whereas the only decisions interpreting the TCCWNA concerned tangible property.  Further, the fact that the Court of Appeals requested guidance from the New Jersey Supreme Court clearly indicates the novelty of the new rule. <u>See</u> N.J. Cт. R. 2:12A-1 (certification is especially warranted when there is no controlling decision regarding an issue in pending litigation).  The Court of Appeals acknowledged that this issue was one of first impression -- "The jurisprudence interpreting the TCCWNA is sparse. There are no cases addressing the definition of 'property' under the statute." <u>Shelton v. Restaurant.com</u>, No. 10-2980, 2011 U.S. App. LEXIS 26594, at *3, *11 (3d. Cir. Feb. 10, 2011) (acknowledging that plaintiff "raise[d] important and unresolved questions of state law").  The panel found only one case in New Jersey that addressed the question of whether gift certificates were considered property, and nothing in that case informed the panel "what the Supreme Court of New Jersey would say regarding the question of tangible and intangible property in the context of the TCCWNA."  <u>Id.</u> at *11.  Moreover, in reaching its decision, the New Jersey Supreme Court conducted two rounds of briefing and oral argument, reformulated

#2019117
109982-68234

the questions posed by the Court of Appeals, and did not cite to or rely on any prior decision on the issue of whether intangible property was covered by the TCCWNA, all of which further evidences the unique nature of the issue before it.

Thus, it is clear from both the District Court's dismissal of Plaintiffs' case, ,the Court of Appeals' reluctance to rule absent guidance from the New Jersey Supreme Court, and the New Jersey Supreme Court's decision in <u>Shelton</u> that this issue was "murky" and "uncertain."  It would be unjust to punish Defendant for relying on a different, yet reasonable, interpretation of the statute prior to a contrary clarification.

**B.      Retroactive Application Would Clearly Produce Inequitable Results.**

A new rule of law should not be applied retroactively where, as here, retroactive application of the rule "could produce substantial inequitable results." <u>Henderson</u>, 176 N.J. at 561-62 (quoting <u>Montells</u>, 133 N.J. at 295).  The Supreme Court has suggested examples of where prospective application would be appropriate, such as when a practice is "widespread, which might imply that there was general reliance on the interpretation of the statute[,]" or where there is "evidence in the record" than "anyone other than this defendant found the law in this regard to be 'murky' or so uncertain that a retroactive application of our judgment would be manifestly unjust." <u>Selective Ins. Co. of America</u>, 208 N.J. at 587-88 (declining to consider defendant's application that the decision be given only prospective effect where the record was inadequate as to retroactivity).

Retroactive application is also inequitable where a party reasonably relies on a practice apparently dominant throughout the industry.  <u>See, e.g.</u>, <u>Rutherford Educ. Ass'n v. Bd. of Educ. of Rutherford</u>, 99 N.J. 8, 24-25, 28 (N.J. 1985) (limiting retroactivity out of concern for the serious adverse financial effect retroactive application would have on the boards of education as well as potentially "serious consequences on the tax structure of many communities and other

13

community services"); see also Fletcher-Harlee Corp. v. Pote Concrete Contrs., 482 F.3d 247, 251 (3d Cir. 2007) ("New Jersey courts often use industry practice to determine what is reasonable."); SASCO, 166 N.J. at 594 (observing that "retroactive application would likely preclude creditors from recovery in a substantial number of cases, greatly prejudicing . . . the entire commercial lending industry"). In SASCO, the New Jersey Supreme Court clarified a one-year tolling provision for commercial creditors, but held that prospective application was appropriate. Id. at 595-96. The court reasoned that it would be inequitable to penalize the plaintiff where it had "relied on a reasonable interpretation of the law" and had "reasonably relied on a practice apparently dominant throughout the industry." Id. at 595. Here, in the Court of Appeals' opinion certifying its questions, the panel acknowledged that this decision impacts "other similarly situated internet merchants . . . , thus potentially impacting businesses and consumers throughout New Jersey." See Shelton, 2011 U.S. App. LEXIS 26594, at *4-5 ("Providing definitive guidance on the definition of "property" in this situation, where the rights in question originate on the internet, may have broad-based application in myriad circumstances."). Accordingly, prospective application enables sellers of intangible property to make any adjustments to their contracts, notices, warranties, and signs to account for the fact that they are now subject to the TCCWNA pursuant to the Supreme Court's expansive interpretation of the statute.

Where a court's opinion causes a party to incur considerable additional expense, it should not be applied retroactively. In Henderson, 176 N.J. at 588, a property owner filed a class action complaint alleging a utility's assessment of compound interest was unlawful. The court held that the statute at issue authorized only simple, and not compound, interest to be charged on delinquent customer accounts. Id. at 561. Because "[a] refund of previously collected

14

compound interest" would require "an exhaustive" nine-year review, the court held that "retroactive application of this decision could produce substantial inequitable results."  Id. at 562-63.  The court further reasoned that prospective application was appropriate because "retroactive application of our decision likely would cause other utilities authorities throughout the state to incur considerable expense and administrative hardship in the process of computing and issuing potential refunds."  Id. at 562.

Here, the Court of Appeals has already suggested that application of the TCCWNA in the manner suggested by Plaintiffs' complaint would be grossly inequitable, and could result in extraordinary statutory penalty damages against unsuspecting companies, particularly those operating via the internet, resulting in business being shut down.  See Ex. A, T14:17-15:15; T27:25-28:12; T30:14-31:7.  The Court of Appeals was concerned that application of the TCCWNA as Plaintiffs intend could have "a traumatic impact not just on Restaurant.com, but anybody who's in the business of marketing something intangible." Id. at T29:19-30:3.  Clearly, then, the Court of Appeals is already of the view that applying the TCCWNA in its now expansive manner would be inequitable to Restaurant.com and other similarly situated businesses.  Retroactive application of Shelton here would clearly be inequitable since Restaurant.com could potentially be required to pay unprecedented sums for reasonably believing that the TCWWNA and its statutory penalties had no application to its internet-based transactions involving intangible property, particularly since the non-party restaurants issue the gift certificates and provide all of goods and services which form the basis of the Certificates Cf.  In re Kara Homes, 374 B.R. at 553 (explaining that retroactive application of  court's rule will not "produce substantially inequitable results" where, even if a party "had the benefit of the

15

[c]ourt's ruling at the time" of it's allegedly-wrongful action, "it would not have been able to comply").

Consideration of the impact of the decision on Plaintiffs also compels prospective application here.  In Alderiso, the trial court dismissed plaintiff's wrongful termination claims on statute of limitations grounds.  Id. at 197.  The Supreme Court clarified when an employee's cause of action accrues, but applied its holding prospectively because it merely caused the defendant "to defend against a suit that would otherwise be considered untimely by only one day."  Id. at 204.  As the Court stated, prospective application is mandated where the party benefiting from a court's decision will not suffer "remarkable prejudice."  Alderiso, 167 N.J. at 204.   Here, Plaintiffs will not suffer any prejudice -- much less "remarkable prejudice" -- by prospective application of the Shelton decision.

Significantly, in rendering its decision, **even** the New Jersey Supreme Court in Shelton expressed caution regarding potential inequitable results, and specifically called into question the use of the TCCWNA to impose class-wide statutory damages here:

> The certificates or coupons at issue are the product of commercial ventures enabled by technology that developed after the Legislature adopted the TCCWNA.  We do not know whether the Legislature specifically envisioned certificates or coupons like the ones Restaurant.com offers and meant to impose a $100 penalty per occurrence in such cases.

Shelton, 214 N.J. at 443.  That the New Jersey Supreme Court expressed doubt as to whether the Legislature intended the TCCWNA to allow precisely what Plaintiff is attempting to do here not only belies Plaintiff's attempts to pursue its claims on behalf of a class, it also supports prospective application only of the decision.  If such doubt existed after two rounds of briefing and oral argument as to the application of the TCCWNA to the property at issue here, it is

16

inconceivable that Plaintiffs or anyone else could be prejudiced by applying it only prospectively.

Critically, Plaintiffs will not be impacted by prospective application of the Supreme Court's Shelton decision.  Ironically, while Restaurant.com could face "traumatic" statutory damages, the Plaintiffs -- Ms. Shelton in particular -- have already used most of the Certificates which form the basis of the Complaint.  And, there is absolutely no impediment whatsoever preventing the other named plaintiff, or anyone else, from using previously purchased Certificates and receiving the full benefit of their bargain.  Further,  Restaurant.com's policy has been to provide Certificates 100% satisfaction guaranteed. See Thede Decl. at Ex. C (Restaurant.com Terms and Conditions), ECF No. 6-3 at 10-16.  Thus, while retroactive application clearly would be inequitable to Restaurant.com (and other like business), Plaintiffs stand to gain a windfall at Restaurant.com's expense.

Finally, the Court of Appeals remand opinion further supports prospective application only of the New Jersey Supreme Court's decision because of the absence of any prejudice to Plaintiffs.  There, in affirming the dismissal of Plaintiff's CFA claim, the Court of Appeals confirmed that Plaintiff's Complaint does not allege any actual harm:

> In this case, Plaintiffs do **not** allege that: (1) any restaurant refused to honor the certificates after one year, noting the facial one-year expiration dates; (2) Plaintiffs redeemed their gift certificates sooner than they would have wished out of concern about the impending expiration date; or (3) Plaintiffs paid the purchase price for the certificates because they assumed that the certificates would be valid for two years. . . . As a result, they have failed to allege ascertainable loss.

Shelton, 2013 U.S. App. LEXIS 22341, at *6.  Rather, as the Court concluded, Plaintiffs claimed "only an unadorned and conclusory statement of a "theoretical" loss that – according to the logic of the complaint – would be suffered by an individual the moment that she purchased a

#2019117
109982-68234

Restaurant.com gift certificate." Id.  There is nothing about the remaining TCCWNA claim that

alters this analysis.  Plaintiffs do not seek to be made whole, but, rather, seek windfall statutory

penalty damages for alleged technical violations of statutory requirements that no court had held

applied, until the New Jersey Supreme Court's opinion in Shelton, to the type of property at issue

in this case.  Under such circumstances, prospective only application of the Shelton decision is

clearly warranted.

**CONCLUSION**

For all of the foregoing reasons, Defendant Restaurant.com respectfully requests that its

motion to dismiss Plaintiffs' Complaint for failure to state a claim under Federal Rule of Civil

Procedure 12(b)(6) be granted and that the Court enter an Order dismissing the Complaint in its

entirely with prejudice.

Dated:   November 25, 2013                    By: s/ Michael R. McDonald
                                                  Michael R. McDonald, Esq.
                                                  Damian Santomauro, Esq.
                                                  Caroline Oks, Esq.
                                                  **GIBBONS P.C.**
                                                  One Gateway Center
                                                  Newark, New Jersey 07102
                                                  Phone:  (973) 596-4500
                                                  Facsimile:  (973) 639-6295
                                                  mmcdonald@gibbonslaw.com
                                                  dsantomauro@gibbonslaw.com

                                                  Attorneys for Defendant
                                                  Restaurant.com, Inc.

18
