NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LARISSA SHELTON AND GREGORY BOHUS, on behalf of themselves and others similarly situated, | : : : : : | |
| Plaintiffs, | : : | Civil Action No. 10-824 (JAP) (DEA) |
| v. | : : | **OPINION** |
| RESTAURANT.COM, | : : | |
| Defendant. | : : | |

PISANO, District Judge.

This matter returns to the Court on remand from the United States Court of Appeals for the Third Circuit. Defendant, Restaurant.com ("Defendant" or "Restaurant.com"), moves to dismiss the Complaint, arguing that the Third Circuit opinion, adopting the New Jersey Supreme Court's answer to certain certified questions of law, should be applied prospectively only. The named Plaintiffs, Larissa Shelton and Gregory Bohus (together, "Plaintiffs"), oppose this motion. The Court decides these matters without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court grants Defendant's motion.

**I.      Background**

This case has traversed the Third Circuit, the New Jersey Supreme Court for two rounds of briefing and oral argument, and back to the Third Circuit, before returning "home" to this Court. Because numerous courts have now summarized the factual background of this case, the Court will recite only those facts that are pertinent to this current motion.

Restaurant.com is an internet business that sells certificates, which it calls "gift certificates" (the "Certificates"). These Certificates provide a credit for the holder for purchases of food and beverages at the restaurant named on the Certificate. While Restaurant.com markets and sells these Certificates, the third-party restaurant is the issuer of the Certificates and provides whatever goods are subject to the discount. Restrictions apply to the use of the Certificates, including limitations imposed on the redemption of the Certificate by the restaurant and Restaurant.com's standard provisions. Accordingly, Resturant.com sells a contingent right to use the Certificate to obtain a future discount, if all the conditions are satisfied.

In 2010, Plaintiffs filed this putative class action against Restaurant.com, claiming that its Certificates contain certain language that is in violation of certain New Jersey statutes, specifically the New Jersey Gift Card Act (N.J. Stat. Ann. § 56:8–110) ("GCA"), the New Jersey Consumer Fraud Act (N.J. Stat. Ann. §§ 56:8–1 to 8–20) ("CFA"), and the Truth-in-Consumer Contract, Warranty, and Notice Act (N.J. Stat. Ann. §§ 56:12–14 to 12–18) ("TCCWNA"). Restaurant.com removed the matter to this Court, and filed a motion to dismiss. This Court dismissed the Complaint in its entirety, finding that Plaintiffs had failed to supply any factual allegations sufficient to support the "ascertainable loss" requirement under the CFA. The Court noted that Plaintiffs had failed to allege any loss other than a purely theoretical one:

> Plaintiffs do not allege that they attempted to use such certificates and were refused by a restaurant, that their certificates in fact had 'expired,' that certificates were destroyed or remained unused based on a false belief regarding the expiration date or that they suffered any other type of economic injury arising out of the purchase of these certificates.

*Shelton v. Restaurant.com*, CIV. A. No. 10-824, 2010 U.S. Dist. LEXIS 59111, at *10 (D.N.J. June 15, 2010) [hereinafter *Shelton I*].

The Court then turned to the TCCWNA count. In order to have stated a viable claim under the TCCWNA, the Certificates must constitute "consumer contracts" within the meaning of the TCCWNA, and Plaintiffs themselves must be considered "consumers" as defined under the TCCWNA. While a consumer contract is notably not defined in the TCCWNA, the TCCWNA does limit a "consumer" to "any individual who buys, leases, borrows, or bails any money, property or service which is primarily for personal, family or household purposes." N.J. Stat. Ann. § 56:12–15. This Court dismissed the claim, finding that the plain language of the TCCWNA limits a "consumer" to "one who buys services or property primarily for personal purposes, not one who buys a contingent right to services from a third party." *Shelton I*, 2010 U.S. Dist. LEXIS 59111, at *15. The Court's statutory interpretation was based upon its reading of the plain language of the statute, and the Court concluded that the TCCWNA applies "only to non-contingent tangible property and services sold directly by the provider." *Id.*

Plaintiffs appealed this Court's dismissal of their Complaint to the Third Circuit. After a full round of briefing and oral argument on the appeal, the Third Circuit found no guidance on the question of how the term "property" is defined in the TCCWNA. The Third Circuit found that the answer to this question not only was determinative of an issue in the case before it, but would "have broad-based application in myriad circumstances." *Shelton v. Restaurant.com*, No. 10-2980, 2011 U.S. App. LEXIS 26594, at *4–5 (3d Cir. May 17, 2011) [hereinafter *Shelton II*]. Accordingly, the Third Circuit certified two questions to the New Jersey Supreme Court, pursuant to New Jersey Court Rule ("N.J. Ct. R.") 2:12A–1:

> 1) Does the TCCWNA apply to both tangible and intangible property, or is its scope limited to only tangible property?
>
> 2) Does the purchase of a gift certificate, which is issued by a third-party internet vendor, and is contingent, i.e., subject to particular conditions that must be satisfied in order to obtain its face value, qualify as a transaction for "property . . .

3

>which is primarily for personal, family or household purposes" so as to come within the definition of a "consumer contract" under section 15 of the TCCWNA?

*Id.* at *12–13.

Thereafter, the New Jersey Supreme Court conducted briefing and oral argument on the certified questions. For reasons not articulated in the Supreme Court's opinion, the Supreme Court reformulated the questions, and requested a second round of briefing and an additional oral argument on the reformulated questions. *See Shelton v. Restaurant.com*, 70 A.3d 544, 548–49 (N.J. 2013) [hereinafter *Shelton III*]. These reformulated questions were:

> 1) Whether Restaurant.com's coupons, which were issued to plaintiffs and redeemable at particular restaurants, constitute "property" under the New Jersey Truth-in-Consumer Contract, Warranty, and Notice Act, [N.J. Stat. Ann. §§] 56:12–14 to –18;
>
> 2) If the coupons constitute "property," whether they are "primarily for personal, family or household purposes," [N.J. Stat. Ann. §] 56:12–15; [and]
>
> 3) Whether the sale of the coupons by Restaurant.com to plaintiffs constituted a "written consumer contract," or whether the coupons "gave or displayed any written consumer warranty, notice, or sign," under [N.J. Stat. Ann. §] 56:12–15.

*Id.* at 549. The Supreme Court's effort to answer the certified questions was complicated because it found that no language in the TCCWNA could clearly be applied. In order to construe the statute, then, the Supreme Court considered the State's general statutory body of work, concluding that the statute is remedial and therefore should be applied broadly, in order to complement New Jersey's expansive consumer protection regime. The New Jersey Supreme Court "conclude[d] that the TCCWNA covers the sale of tangible and intangible property" and "that certificates issued by participating restaurants and offered for purchase by an internet marketer are intangible property primarily for personal, family, or household use, thereby qualifying plaintiffs as consumers." *Id.* at 547.

4

On November 4, 2013, the Third Circuit issued its decision on Plaintiffs' appeal. The Third Circuit affirmed the part of this Court's Order dismissing the CFA count, agreeing that Plaintiffs had failed to allege or raise any other argument regarding an ascertainable loss suffered when Restaurant.com violated the GCA, which is part of the CFA, by providing that its Certificates expire within one year. *See Shelton v. Restaurant.com Inc.*, 543 F. App'x 168, 170 (3d Cir. 2013) [hereinafter *Shelton IV*]. The Third Circuit then vacated the decision of this Court as it related to the TCCWNA count, and remanded to this Court "for further proceedings consistent with the decision of the New Jersey Supreme Court." *Id.* at 171. Restaurant.com has moved to dismiss the Complaint, arguing that retroactive application of the *Shelton* decision is not appropriate. While this Court is constrained to follow the Supreme Court's interpretation of the TCCWNA, this Court now must decide whether the Supreme Court's decision created a new rule of law that should be applied prospectively, in order to prevent inequitable results.

## II. Discussion

Under New Jersey law, decisions are ordinarily applied retroactively.[1] Courts, however, "depart from that general principle and turn to prospective application when 'considerations of fairness and justice, related to reasonable surprise and prejudice to those affected' counsel[] us to do so." *Selective Ins. Co. of America v. Rothman*, 34 A.3d 769, 773 (N.J. 2012) (quoting *Malinowski v. Jacobs*, 915 A.2d 513 (N.J. 2007) (quoting *N.J. Election Law Enforcement Comm'n v. Citizens to Make Mayor-Council Gov't Work*, 526 A.2d 1069 (N.J. 1987))). Accordingly, a judgment should be limited to prospective application "when (1) the decision establishes a new rule of law, by either overruling past precedent or deciding an issue of first impression, and (2) when retroactive application could produce substantial inequitable results."

---

[1] "[I]n diversity cases, federal courts apply the substantive law produced by the state legislature or the highest court of the state. *In re Asbestos Lit.*, 829 F.2d 1233, 1237 (3d Cir. 1987) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)), *cert. denied*, 485 U.S. 1029 (1988).

*Id.* (quoting *Velez v. City of Jersey City*, 850 A.2d 1238, 1246 (N.J 2004)).  Prospective application is particularly appropriate in those instances where the court addresses a "first-instance or clarifying decision in a murky or uncertain area of law, or when a member of the public could reasonably have relied on a different conception of the state of the law." *SASCO 1997 NI, LLC v. Zudkewich*, 767 A.2d 469, 477 (N.J. 2001) (internal quotations and citation omitted); *see also Henderson v. Camden Cnty. Mun. Util. Auth.*, 826 A.2d 615, 620 (N.J. 2003) (explaining that decisions on an issue of first impression or that overrule past precedent justify prospective application); *Cox v. RKA Corp.*, 753 A.2d 1112, 1127 (N.J. 2000) (finding prospective relief appropriate where, prior to the appeal, "there was little precedent on which the parties could definitively rely and no direct authority in New Jersey").

      **A.**      **The New Jersey Supreme Court's Decision Established a New Rule of Law**

A review of every opinion on this case makes it clear that the New Jersey Supreme Court made a decision on a matter of first impression, establishing a new rule of law.  Throughout the course of this litigation, each court that addressed the issue of whether the TCCWNA covered intangible property recognized that there was a paucity of cases that construe the TCCWNA generally, and that no court had ever considered the notion that the TCCWNA could apply to intangible property.  For example, when the Third Circuit certified its questions of law to the New Jersey Supreme Court, it stated that "the appeal raises important and **unresolved questions of state law**" and that "no court in New Jersey has addressed the question of how the terms 'property' and 'consumer' are defined in the TCCWNA." *Shelton II*, 2011 U.S. App. LEXIS 26594, at *3 (emphasis added).

Plaintiffs' proposition that intangible property was covered by the TCCWNA was not based upon any authority.  Rather, the only decisions interpreting the TCCWNA concerned

6

tangible property. No earlier court had delved into what constitutes "property" under the TCCWNA, *see Shelton II,* 2011 U.S. App. LEXIS 26594, at *11, or whether a contingent, inchoate right (as exists here) amounts to "property . . . primarily for personal, family or household purposes" within the meaning of the TCCWNA. *See, e.g.*, *SASCO*, 767 A.2d at 478; *see also Shelton II*, 2011 U.S. App. LEXIS 26594, at *11 (commenting that there was only one New Jersey case, which did not even involve the TCCWNA, that addressed the question of whether gift certificates were considered property).

Here, the Third Circuit certified certain questions to the New Jersey Supreme Court specifically because no court had ever addressed the issue of what constitutes "property" (or, for that matter, who a "consumer" is) under the TCCWNA. While the Supreme Court ultimately concluded that the TCCWNA covered intangible property such as the Certificates, it qualified its discussion as follows:

> The certificates or coupons at issue are the product of commercial ventures enabled by technology that developed after the Legislature adopted the TCCWNA. **We do not know whether the Legislature specifically envisioned certificates or coupons like the ones Restaurant.com offers [to fall within the TCCWNA] and meant to impose a $100 penalty per occurrence in such cases**.

*Shelton III*, 214 N.J. at 559 (emphasis added).[2,3] Under the circumstances, this Court finds that Restaurant.com "reasonably relied on a plausible, although [now] incorrect, interpretation of the law." *SASCO*, 767 A.2d at 477.

---

[2] If the goal of statutory construction is to ascertain legislative intent, this is a strange statement.

[3] This Court also interprets this statement as "suggest[ing] intent to deviate from" the rule of retroactive relief. *See Burlington Ins. Co. v. Northland Ins. Co.*, 766 F. Supp. 2d 515, 527 (D.N.J. 2011). This recognition at least implies that the decision created a new rule of law. It should also be noted that the New Jersey Supreme Court has not always announced or discussed prospective or retroactive applicability in its decisions that create a new law. *See, e.g.*, *Perez v. Rent-A-Center, Inc.*, 902 A.2d 1232 (N.J. 2006) (clarifying the Court's earlier opinion by announcing that the "judgment of the Court is prospective, except that it applies to plaintiff . . .").

### B.     Retroactive Application Would Produce "Substantial Inequitable Results"

Even if a decision establishes a new rule of law, retroactive application should still apply unless such application "could produce substantial inequitable results." *Henderson*, 826 A.2d at 620 (quoting *Montells v. Haynes*, 627 A.2d 654, 661 (N.J. 1993)).  Whether or not prospective application is justified is a "very fact sensitive" inquiry.  *Twp. of Stafford v. Stafford Twp. Zoning Bd. of Adjustment*, 711 A.2d 282, 288 (N.J. 1998).  Along with the consideration of whether or not the decision created a new rule of law, New Jersey courts have weighed whether applying a decision retroactively could produce substantial inequitable results.  *See, e.g.*, *Selective Ins. Co.*, 34 A.3d at 773; *Henderson*, 826 A.2d at 620–21; *Jersey Shore Med. Ctr.-Fitkin Hosp. v. Baum's Estate*, 417 A.2d 1003, 1010–11 (N.J. 1980).  Because "questions of civil retroactivity are equitable in nature, involving a special blend of what is necessary, fair and workable," courts should consider the "practical realities and necessities inescapably involved in reconciling competing interests" when making a determination regarding retroactivity.  *Love v. Johns-Manville Canada, Inc.*, 609 F. Supp. 1457, 1464 (D.N.J. 1985) (quotation omitted).  Overall, "[t]he primary concern with retroactivity questions is with 'considerations of fairness and justice, related to reasonable surprise and prejudice to those affected.'"  *Accountemps Div. of Robert Half, Inc. v. Birch Tree Group, Ltd.*, 560 A.2d 663, 670 (N.J. 1989) (quoting *N.J. Election Law Enforcement Comm'n*, 526 A.2d at 1073).

After weighing various considerations, the Court concludes that prospective application of the new rule of law established in *Shelton* is appropriate.  First, the creation of a new rule of law generally favors prospective application because the affected parties could not have reasonably predicted the result, and therefore "the interests of justice will better be served by prospective application . . . ."  *Velez*, 850 A.2d at 1246 (quotation omitted) (finding prospective

relief warranted because the case was one of first impression and the issue was uncertain); *see also SASCO*, 767 A.2d at 477. Here, for the reasons expressed, the New Jersey Supreme Court's determination that the TCCWNA covered intangible property created a new rule of law. Therefore, that finding alone strongly suggests that it would be inequitable to apply that determination to Restaurant.com, which relied on a plausible, but incorrect, interpretation of the law.[4] *See SASCO*, 767 A.2d at 477.

The particulars of this case, however, also make it clear that retroactive application of the *Shelton* decision would create substantially inequitable results. While Plaintiffs have argued that Restaurant.com has not created any evidential record to show that other companies would be affected by retroactive application, the Court disagrees that such evidence is necessary. To find that retroactive application is necessary because there was no "record" created by Restaurant.com puts procedure over equity. This is not a case where the Court is unsure about the impact of this decision; rather, common sense dictates that the New Jersey Supreme Court's expansive interpretation of what is covered by the TCCWNA will impact not only other similarly situated internet merchants, but anyone who markets anything intangible in New Jersey. Retroactive application could result in extraordinary statutory penalties against unsuspecting companies without any consumers actually suffering any ascertainable losses. *See Henderson*, 826 A.2d at 620–21 (applying its determination prospectively where "retroactive application . . .

---

[4] The Court also disagrees with Plaintiffs' contention that prospective application is inappropriate because Restaurant.com "intentionally violated the longstanding GCA, thereby incurring TCCWNA liability. Merely because Restaurant.com chose to ignore the law does not give it the right to avoid retroactivity and its consequences." Pls.' Opp. Br. at 24–25. This is a misstatement of the law. Any alleged liability on Restaurant.com's behalf under the TCCWNA stems from the fact that its "gift certificates" stated in general terms that some of the provisions of the "gift certificate" may be void or unenforceable in some states. Had the New Jersey Supreme Court not expansively interpreted the TCCWNA to include intangible property, Restaurant.com most likely would not have violated the GCA, because the Restaurant.com "gift certificates" do not have an expiration date of less than two years, but rather state that they expire in one year, "except . . . where otherwise prohibited by law." Compl. ¶ 60; *see* N.J. Stat. Ann. § 56:8–110. As discussed, Restaurant.com relied upon a plausible, although now incorrect, interpretation of what the TCCWNA covered. Merely because the New Jersey Supreme Court disagreed with Restaurant.com's interpretation does not make it *per se* unreasonable. *See SASCO*, 767 A.2d at 478 ("Although we disagree, that position is not unreasonable.").

likely would cause other companies throughout the state to incur considerable expense and administrative hardship"); *SASCO*, 767 A.2d at 477 (considering how retroactive application would greatly prejudice not only the affected party, "but the entire commercial lending industry"); *Rutherford Educ. Ass'n v. Board of Educ.*, 489 A.2d 1148, 1159 (N.J. 1985) (analyzing the financial impact on boards of education generally throughout the state if the decision was applied retroactively).  As the Third Circuit stated during oral argument, such windfall statutory damages could have "a traumatic impact not just on Resturant.com, but anybody who's in the business of marketing something intangible."  *See* Declaration of Michael R. McDonald ("McDonald Decl.") Ex. A at T29:19–30:3; *see also Shelton II*, 2011 U.S. App. LEXIS 26594, at *4–5 (certifying questions for the New Jersey Supreme Court because a determination on what "property" is under the TCCWNA will affect "other similarly situated internet merchants . . . , thus potentially impacting businesses and consumers throughout New Jersey").  Prospective application will allow such businesses or people to make the necessary adjustments to their contracts, notices, warranties, and signs to account for the fact that they are now subject to the TCCWNA.

Furthermore, while the Court agrees that the policy behind the TCCWNA is to afford protection to consumers, Plaintiffs have not suffered any actual, non-theoretical damages here. The Court, therefore, does not find that the purpose of the rule "would be furthered by retroactive application."  *See Twp. of Stafford*, 711 A.2d at 288.  In contrast to other cases cited by Plaintiffs, prospective relief will not cause Plaintiffs to suffer any real prejudice because there has been no loss here.  Compared to the great hardship that could be caused to unsuspecting companies if the decision was applied retroactively, mandating Restaurant.com and other marketers of intangible property to follow the requirements under the TCCWNA will cause no substantial inequity.  *See*

*Henderson*, 826 A.2d at 620–21 (noting that prospective relief is appropriate where it causes no "substantial inequity"). There is no allegation that Plaintiffs were unable to enjoy the bargained-for discounts at the third-party restaurants that they selected; indeed, counsel for Plaintiffs has stated that Ms. Shelton has "used most, if not all of her – of the gift certificates she purchased." McDonald Decl. Ex. A at T17:3-11. Plaintiffs are not seeking to be made whole because they suffered some sort of injury, but are rather seeking windfall statutory damages and attorneys' fees for an alleged violation of the TCCWNA.

Plaintiffs have not provided any reason or argument disputing the fact that retroactive application would produce inequitable results. Plaintiffs have cited to no case, and this Court has found no case, in which a court has determined retroactive application to be appropriate where there was no allegation of harm or injury, but only an attempt to procure nothing more than windfall damages and attorneys' fees. While Plaintiffs argue that limited prospective application (where the decision is applied to the parties involved on direct appeal) is appropriate here because Plaintiffs' efforts in this case have resulted in a "clarification" of the law, the Court disagrees. The cases to which Plaintiff has cited for this proposition have all involved a litigant that had suffered an ascertainable loss that would not be remedied unless the new rule of law applied to him or her. *See, e.g.*, *Henderson*, 826 A.2d at 621 (applying decision disallowing compound interest in utility contracts prospectively, but permitting plaintiff to recover "the full amount of any compound interest that she had paid"); *Perez*, 902 A.2d at 1232 (clarifying that the Court's earlier decision applied prospectively, but applying the decision to the plaintiff, who allegedly incurred damages as a result of usurious contract); *Calvert v. K. Hovnanian at Galloway, VI*, 607 A.2d 156, 163 (N.J. 1992) (decision that mandated an attorney-review clause be included in certain real estate contracts applied prospectively, except as to the plaintiff who

11

had lost over $6,000 on a real estate deposit). It is hard for this Court to conceive how Plaintiffs would be prejudiced if the determination applies prospectively; rather, the necessary considerations of fairness and justice and prejudice to those affected strongly favor prospective relief. *See Accountemps*, 560 A.2d at 670.

## IV. Conclusion

Here, this Court has the obligation of determining whether the New Jersey Supreme Court's decision created a new rule of law such that prospective application is necessary to avoid inequitable results. In this case, it is clear that the Supreme Court's determination created a new rule of law that would lead to gravely inequitable results if applied retroactively. Accordingly, and for the aforementioned reasons, this Court will grant Defendant Restaurant.com's motion to dismiss. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano  
JOEL A. PISANO, U.S.D.J.

Dated: July 10, 2014