**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LARISSA SHELTON and GREGORY BOHUS,

          Plaintiffs,

v.

RESTAURANT.COM, INC.,

          Defendant.

Civil Action No. 10-824 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon Plaintiffs Larissa Shelton and Gregory Bohus's (collectively, "Plaintiffs") Motion for Summary Judgment on the issue of statutory damages. (ECF No. 49.) Defendant Restaurant.com, Inc. ("Defendant") filed opposition to the motion (ECF No. 59), and Plaintiffs replied (ECF No. 67). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, and for other good cause shown, the Court grants summary judgment in favor of Plaintiffs in the amount of $1100.

**I.**     **Background**

    The factual and procedural background of this protracted action has been summarized at length by the United States Court of Appeals for the Third Circuit and the New Jersey Supreme Court, and can be found in this Court's prior Opinions filed June 15, 2010 and July 10, 2014.[1]

---

[1] There are a total of six prior written opinions on the matter. *See Bohus v. Restaurant.com, Inc.*, 784 F.3d 918 (3d Cir. 2015); *Shelton v. Restaurant.com, Inc.*, 543 F. App'x 168 (3d Cir. 2013); *Shelton v. Restaurant.com, Inc.*, No. 10-2980, 2011 WL 10844972 (3d Cir. May 17, 2011);

The two issues that remain in this action are the extent of Plaintiffs' entitlement to statutory damages and reasonable attorneys' fees and costs under the Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. 56:12-14 to -18. This Opinion addresses the question of statutory damages. The Court will address Plaintiffs' accompanying motion for attorneys' fees in a separate opinion.

## II.  Standard of Review

Summary judgment is appropriate if the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. A material fact raises a "genuine" dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (quoting *Anderson*, 477 U.S. at 248). In evaluating the evidence, the Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *See Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002). The Court will not "weigh the evidence and determine the truth of the matter" but will determine whether a genuine dispute necessitates a trial. *Anderson*, 477 U.S. at 249. Disputes over irrelevant or unnecessary facts will not preclude a court from granting summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

---

*Shelton v. Restaurant.com, Inc.*, No. 10-824, 2014 WL 3396505 (D.N.J. July 10, 2014); *Shelton v. Restaurant.com, Inc.*, No. 10-824, 2010 WL 2384923 (D.N.J. June 15, 2010); *Shelton v. Restaurant.com, Inc.*, 70 A.3d 544 (N.J. 2013).

### III. Discussion

The TCCWNA prohibits the act of giving notice to a consumer or entering into any written consumer contract that "violates any clearly established legal right of a consumer." N.J.S.A. 56:12-15. In addition, the TCCWNA prohibits any notice or consumer contract from "stat[ing] that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey[.]" N.J.S.A. 56:12-16. Accordingly, an "aggrieved consumer" may recover "a civil penalty of not less than $100.00 or . . . actual damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs." N.J.S.A. 56:12-17.

It is undisputed that Defendant admitted liability to Plaintiffs' TCCWNA claim. (*See* Def.'s Opp'n Br. 6-7, ECF No. 59.) As Plaintiffs have not alleged any actual damages, Plaintiffs' recovery is limited to statutory damages "of not less than $100.00." N.J.S.A. 56:12-17. Plaintiffs assert that they are entitled to civil penalties for each of Defendant's violations; that is, for each gift certificate purchased. (Pls.' Moving Br. 6, ECF 51.) To that end, Plaintiffs request that the Court assess the penalty in excess of the $100 minimum provided by the statute. (*Id.* at 8-11.) Plaintiffs argue that an assessment of a civil penalty higher than $100 is in keeping with the TCCWNA's remedial purpose of preventing deceptive practices and, accordingly, an award in excess of $10,000 would serve a "real deterrent to future use of consumer contracts and notices with unlawful and deceptive provisions." (*Id.* at 9-10, 17.) Plaintiffs further argue that an enhanced civil penalty is appropriate in light of the public interests served by the case. (*Id.* at 15.)

Defendant opposes Plaintiffs' statutory damages calculation on the ground that neither the record nor the TCCWNA's plain language supports a civil penalty award greater than $100.

(Def.'s Opp'n Br. 4-5.) Defendant argues that the TCCWNA provides for "'a' civil penalty, not multiple or successive penalties for the same contract," and the penalty is not calculated on a "per violation" basis. (*Id.* at 9 (emphasis in original).) Moreover, Defendant argues that it "stipulate[d] to liability to the two named Plaintiffs for a single TCCWNA violation" and Plaintiffs therefore are only entitled to a total award of $200. (*Id.* at 8.)

The Court finds both parties' arguments unpersuasive. Plaintiffs have failed to provide any explanation on how it derived an award "in excess of $10,000." As such, the Court declines Plaintiffs' invitation to impose an enhanced statutory damages award. Here, the Court finds a civil penalty of $1100 appropriate. *See Banquez v. Deutsche Bank Nat'l Trust Co.*, No. 3705-13, 2015 N.J. Super. LEXIS 215, at *5 n.4 (N.J. Super. Ct. App. Div. Feb. 3, 2015) (explaining that the TCCWNA "provides for the consumer to elect the remedy of either $100 per violation or actual damages" (citing N.J.S.A. 56:12-17)). Indeed, Defendant originally proposed an $1100 award in its Offer of Judgment, in which Defendant proposed a payment of "$100 per certificate . . . based upon [TCCWNA], N.J.S.A. [] 56:12-17." (Def.'s Ex. C, ECF No. 59-2.)

## IV. Conclusion

For the reasons set forth above, it is hereby ordered that Plaintiffs' Motion for Summary Judgment on damages is **GRANTED**. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** November 30th, 2016

4