**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LARISSA SHELTON and GREGORY
BOHUS, on behalf of themselves and others
similarly situated,

                Plaintiffs,

                v.

RESTAURANT.COM INC.,

                Defendant.

Civil Action No. 10-824 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiffs Larissa Shelton and Gregory Bohus's (collectively, "Plaintiffs") Motion for Attorneys' Fees and Costs in the amount of $733,609.82[1] pursuant to Federal Rule of Civil Procedure 54(d). (ECF Nos. 50, 67.) Plaintiffs' fee petition concerns counsel fees and expenses incurred by Plaintiffs' counsel for hours expended in their lawsuit against Defendant. Defendant Restaurant.com, Inc. ("Defendant") opposed Plaintiffs' motion and requested that the Court deny the motion or, alternatively, reduce the attorneys' fee award. (ECF No. 59.) Plaintiffs replied. (ECF No. 67.) The Court has considered the parties' submissions and heard oral argument on the matter on December 1, 2016. For the reasons set

---

[1] Plaintiffs seek a total judgment in the amount of $740,809.82, including approximately $325,517.50 for 466.3 hours expended by Lite DePalma Greenberg. (Pls.' Reply Brief 24, ECF No. 67.) The actual billing statements submitted to the Court by Lite DePalma Greenberg, however, reflect a total amount of $318,916.67, a difference of approximately $6,600.83. The reason for this discrepancy is unclear. Consequently, the Court will begin its determination of reasonable attorneys' fees and costs from the perspective that Plaintiffs' requested award is $733,609.82, not $740,809.82.

forth below, the Court **GRANTS** Plaintiffs' Motion for Attorneys' Fees and Costs as modified in the amount of $190,648.60.

## I.      BACKGROUND

After six years of discord, this litigation has finally drawn to its conclusion with an $1,100 judgment entered in favor of Plaintiffs. (ECF No. 74.) All that remains is the question of the amount of reasonable attorneys' fees and costs.

The underlying litigation arises out of Plaintiffs' combined purchases of eleven gift certificates from Defendant, an internet company in the business of marketing and selling gift certificates for the purchase of food and beverages at various participating restaurants. (Class Action Compl. & Jury Demand ¶¶ 9, 15, 17, Ex. A, ECF No. 1-1.) In January 2010, Plaintiffs filed a putative class action against Defendant in state court, alleging that Defendant's gift certificates contained language that violated the New Jersey Consumer Fraud Act, the New Jersey Gift Certificate Statute, and the Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"). (*Id.* ¶ 42.) Defendant removed the matter to this Court, and then successfully moved to dismiss Plaintiffs' Complaint. (ECF Nos. 1, 15, 16.) In granting Defendant's Motion to Dismiss, the Court found that Plaintiffs failed to sufficiently plead the "ascertainable loss" requirement under the New Jersey Consumer Fraud Act and the New Jersey Gift Certificate Statute, and that Plaintiffs were not "consumers," as defined by the TCCWNA. *See Shelton v. Restaurant.com Inc.* (*Shelton I*), No. 10-824, 2010 WL 2384923, at *4, 6 (D.N.J. June 15, 2010). Plaintiffs, thereafter, appealed. (ECF No. 20.)

On appeal, the Third Circuit affirmed the dismissal of the first count, which related to the claims brought under the New Jersey Consumer Fraud Act and the New Jersey Gift Certificate Statute. *Shelton v. Restaurant.com Inc.* (*Shelton IV*), 543 F. App'x 168, 168-69 (3d Cir. 2013).

As to the TCCWNA count, the Third Circuit sought guidance from the New Jersey Supreme Court on the question of whether Plaintiffs were "consumers" for the purposes of the TCCWNA. *Shelton v. Restaurant.com Inc.* (*Shelton II*), No. 10-2980, 2011 WL 10844972, at \*4 (3d Cir. May 17, 2011). Accordingly, the Third Circuit certified two questions to the New Jersey Supreme Court, to wit: whether the TCCWNA applied to both tangible and intangible property, and whether a contingent gift certificate qualified as a transaction for "property," as defined by the TCCWNA. *Id.* The New Jersey Supreme Court accepted the certification but reformulated the questions.[2] *Shelton v. Restaurant.com, Inc.* (*Shelton III*), 70 A.3d 544, 548-49 (N.J. 2013). Ultimately, the New Jersey Supreme Court determined that the TCCWNA included "the sale of tangible and intangible property" and that the TCCWNA "as drafted . . . covers the certificates in question[,]" thereby "qualifying [P]laintiffs as consumers." *Id.* at 547, 559. Consequently, the Third Circuit vacated the dismissal of Plaintiffs' TCCWNA claim and remanded the matter for further proceedings consistent with the New Jersey Supreme Court's decision. *Shelton IV*, 543 F. App'x at 169.

Upon remand, Defendant again moved to dismiss Plaintiffs' Complaint, arguing that *Shelton III* should only be applied prospectively. (Mot. on Remand 9-10, ECF No. 24-1.) The Court agreed. (ECF Nos. 32, 33.) The Court found that while *Shelton III* created a new rule of law, retroactive application "would lead to gravely inequitable results." *Shelton v. Restaurant.com Inc.* (*Shelton V*), No. 10-824, 2014 WL 3396505, at \*7 (D.N.J. July 10, 2014).

---

[2] The New Jersey Supreme Court reformulated the questions as follows: (1) "Whether Restaurant.com's coupons, which were issued to [P]laintiffs and redeemable at particular restaurants, constitute 'property' under the [TCCWNA]"; (2) "[i]f the coupons constitute 'property,' whether they are 'primarily for personal, family or household purposes'"; and (3) "[w]hether the sale of the coupons by Restaurant.com to [P]laintiffs constituted a 'written consumer contract,' or whether the coupons 'gave or displayed any written consumer warranty, notice, or sign,' under [the TCCWNA]." *Shelton v. Restaurant.com, Inc.* (*Shelton III*), 70 A.3d 544, 549 (N.J. 2013).

Plaintiffs again appealed. (ECF No. 34.) The Third Circuit concluded that the Court "correctly determined that the new rule announced in *Shelton III* is not fully retroactive," but remanded the matter to give the two named Plaintiffs "the benefit of the new rule of law that their efforts helped to create." *Bohus v. Restaurant.com, Inc.*, 784 F.3d 918, 930 (3d Cir. 2015).

In an attempt to expedite the termination of this litigation, Defendant admitted liability as to the two named Plaintiffs. (*See* Def.'s Opp'n Br., Ex. D, ECF No. 59-2.) After settlement conferences proved futile, Plaintiffs filed a Motion for Summary Judgment on the issue of statutory damages and the instant fee application. (ECF Nos. 49, 50.) On November 30, 2016, the Court granted summary judgment on statutory damages in favor of Plaintiffs and entered judgment in the amount of $1,100 against Defendant. (ECF Nos. 73, 74.)

Plaintiffs now move for $733,609.82 in attorneys' fees and costs incurred in litigating their claims against Defendant.

## II.    LEGAL STANDARD

Attorneys' fees and costs "may be awarded to a prevailing party . . . where authorized by statute, court rule or contract." *Apple Corps., Ltd. v. Int'l Collectors Soc.*, 25 F. Supp. 2d 480, 484 (D.N.J. 1998). "A 'prevailing' plaintiff entitled to a fee award is one who has succeeded on 'any significant issue in litigation [that] achieves some of the benefit the party sought in bringing the suit.'" *Blakey v. Cont'l Airlines*, 2 F. Supp. 2d 598, 601-02 (D.N.J. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Here, attorneys' fees and expenses are recoverable under the TCCWNA. *See* N.J.S.A. 56:12-17. In particular, the TCCWNA permits the Court to allow, in its discretion, the "aggrieved consumer" to recover "***reasonable*** attorney[s'] fees and court costs." *Id.* (emphasis added); *see Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir. 2001) (explaining that district courts have "substantial discretion in determining what constitutes a

reasonable rate and reasonable hours"). Although Plaintiffs did not succeed on all of their claims, they are entitled to an award of attorneys' fees in light of the $1,100 judgment entered in their favor. As such, the Court must assess the reasonableness of Plaintiffs' fee petition.

"A reasonable [attorneys'] fee is one [that] is adequate to attract competent counsel, but [that] does not produce a windfall to attorneys." *Apple Corps.*, 25 F. Supp. 2d at 484 (first alteration in original) (quoting *Pub. Interest Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995)). "The starting point for determining any reasonable fee is to calculate [the] 'lodestar' amount; that is, the number of hours reasonably expended multiplied by a reasonable hourly rate." *Blakey*, 2 F. Supp. 2d at 602 (quoting *Hensley*, 461 U.S. at 433).

It is the "party seeking attorney[s'] fees [that] bears the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005). To satisfy its burden, "the fee petitioner must submit evidence supporting the hours worked and the rates claimed." *Id.* (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). "In a statutory fee case, once the fee petitioner 'submit[s] evidence supporting the hours worked and the rates claimed,' the party opposing the fee application has the burden to challenge the reasonableness of the requested fee." *McKenna v. City of Phila.*, 582 F.3d 447, 459 (3d Cir. 2009) (alteration in original) (quoting *Hensley*, 461 U.S. at 433).

The lodestar is calculated by determining whether the hourly rate charged for the legal services performed was reasonable. *Rode*, 892 F.2d at 1183. A reasonable hourly rate is usually the prevailing rate in the community for similarly-situated lawyers and is based on average market rates. *See id.* "The starting point in determining a reasonable hourly rate is the attorneys' usual billing rate, but this is not dispositive." *Pub. Interest Research Grp.*, 51 F.3d at 1185.

After the Court determines whether the hourly rate requested was reasonable, it is necessary to assess whether the number of hours expended was reasonable. *Hensley*, 461 U.S. at 433-34. Any hours that the Court finds "were not reasonably expended" must be excluded from the fee calculation. *Id.* at 434. "Hours are not reasonably expended if they are **excessive, redundant**, or otherwise **unnecessary**." *Rode*, 892 F.2d at 1183 (emphasis added). After the lodestar is calculated, the "[C]ourt can adjust the lodestar downward if the lodestar is not reasonable in light of the results obtained." *Id.*

## III.   DISCUSSION – MOTION FOR ATTORNEYS' FEES AND COSTS

### A.   Reasonable Hourly Rates

Plaintiffs seek fees for services expended by eleven attorneys from three different law firms: The Wolf Law Firm, Lite DePalma Greenberg, and the Law Office of Christopher McGinn. Counsel in this matter seek hourly rates that range from a high of $750 per hour to a low of $310 per hour for attorneys. In particular, The Wolf Law Firm seeks an award for the following attorneys: (1) Andrew Wolf, Esq., at a rate of $710 per hour; (2) Henry Wolfe, Esq., at a rate of $575 per hour; (3) Elliot Gardner, Esq., at a rate of $485 per hour; (4) Kelly Samuels Thomas, Esq., at a rate of $350 per hour; and (5) Matthew Oorbeek, Esq., at a rate of $310 per hour. (Wolf Decl. ¶ 97, ECF No. 50-2.) Lite DePalma Greenberg seeks an award for the following attorneys: (1) Bruce Greenberg, Esq., at a rate of $750 per hour; (2) Katrina Carroll, Esq., at a rate of $750 per hour; (3) Kyle Shamberg, Esq., at a rate of $475 per hour; (4) Erik Sardina, Esq., at a rate of $375 per hour; and (5) Phylicia Preston, Esq., at a rate of $375 per hour. (Greenberg Decl., Ex. A at 29 ("LDG Billing Statement"), ECF No. 62; Greenberg Reply Decl., Ex. A at 5 ("LDG Reply Billing Statement"), ECF No. 67-1.) Lastly, the Law Office of

Christopher McGinn seeks an award for its principal, Christopher McGinn, Esq., at a rate of $460 per hour. (McGinn Decl. ¶ 17, ECF No. 50-10.)

"A reasonable hourly rate is the market rate prevailing in the relevant legal community." *Doe v. Terhune*, 121 F. Supp. 2d 773, 781 (D.N.J. 2000). To determine a reasonable hourly rate, the Court must "assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode*, 892 F.2d at 1183; *see also Rendine v. Pantzer*, 661 A.2d 1202, 1227 (N.J. 1995). As the moving party, Plaintiffs bear the burden of establishing that their requested hourly rates meet the "reasonable market rate for the essential character and complexity of the legal services rendered." *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 361 (3d Cir. 2001) (quoting *Smith v. Phila. Hous. Auth.*, 107 F.3d 223, 225 (3d Cir. 1997)). To satisfy this burden, Plaintiffs may submit "affidavits of non-party attorneys with personal knowledge of the hourly rates customarily charged in the relevant community." *Apple Corps.*, 25 F. Supp. 2d at 492. "Ultimately, the determination of a reasonable hourly rate is within the sound discretion of the [C]ourt." *Doe*, 121 F. Supp. 2d at 781; *see Apple Corps.*, 25 F. Supp. 2d at 492 ("If the fee applicant fails to meet its initial burden or if the opposing party challenges the fee applicant's proffer, the determination of the appropriate market rate is vested within the [C]ourt's discretion.").

In support of their fee petition, Plaintiffs' counsel submitted their own certifications, which stated their customary rates and billing practices. (*See* Wolf Decl., ECF No. 50-2; Greenberg Decl., ECF No. 50-9; McGinn Decl., ECF No. 50-10.) Counsel from The Wolf Law Firm also submitted attorney biographies taken from the firm's webpage. (Wolf Decl., Ex. A ("WLF Att'y Biographies"), ECF No. 50-3.) In addition, Plaintiffs' counsel supplied affidavits

from Allyn Z. Lite, a then senior member of Lite DePalma Greenberg & Rivas, LLC[3] (Wolf Decl., Ex. D, ECF No. 50-6); John E. Keefe, Jr., a co-managing partner of the Law Firm of Keefe Bartels (Wolf Decl., Ex. E ("Keefe Certification"), ECF No. 50-7); and Peter Pearlman, a member of Cohn Lifland Pearlman Herrmann & Knopf LLP (Pearlman Decl., ECF No. 50-11). All three affiants stated that, based on their personal knowledge of the billing rates charged by attorneys and law firms in New Jersey, the hourly rates charged by Plaintiffs' counsel are reasonable and consistent with the prevailing market rates charged by New Jersey attorneys of comparable skills and experiences. Moreover, Plaintiffs submitted several decisions from New Jersey consumer-related litigations, in which each respective firm participated, to support that their current rates are reasonable. (*See* Wolf Decl. ¶ 99; Greenberg Decl. ¶ 10; McGinn Decl. ¶¶ 16, 18-20.)

The Court finds that counsel have not carried their burden of demonstrating the reasonableness of their requested hourly rates. At the outset, the Court notes that Mr. Lite's affidavit is significantly outdated. Indeed, the affidavit was prepared in October 2009 for an unrelated case. In addition, Mr. Keefe's certification was prepared in August 2015 for an unrelated case and attested to different hourly rates than the hourly rates requested in the instant petition. (*See* Keefe Certification ¶ 9.) The Court also notes that Plaintiffs' counsel support their fee petition with evidence attesting to hourly rates charged in class action matters. The Court finds this documentary support inadequate in light of the fact that Plaintiffs' class was never certified. *See Freid v. Nat'l Action Fin. Servs., Inc.*, No. 10-2870, 2011 WL 6934845, at *3 (D.N.J. 2011) (declining to award attorneys' fees when counsel was "[specifically] retained to pursue class certification and class action claim and said efforts were unsuccessful"). Here, the

---

[3] Plaintiffs submitted a 2009 affidavit from Mr. Lite. The firm subsequently changed its name and is now Lite DePalma Greenberg LLC.

litigation never moved beyond the pleading stage. Mr. Greenberg also conceded at oral argument that neither he nor Ms. Carroll "have . . . billed hourly [at a rate of $750] in a consumer matter as opposed to on a contingent basis." (Dec. 1, 2016 Oral Arg. Tr. 5:4-6.) Moreover, Plaintiffs proffered no evidence as to the qualifications of the Lite DePalma Greenberg associates who worked on this case.

In light of Plaintiffs' failure to meet their burden, the Court will exercise its discretion to determine a reasonable hourly rate for each attorney. As the Third Circuit has approved of courts' use of the Community Legal Services of Philadelphia ("CLS") fee schedule in determining a reasonable hourly rate for attorneys' fees, the Court will employ the fee schedule in its determination of the hourly rates in this case. *See Maldonado v. Houstoun*, 256 F.3d 181, 187-88 (3d Cir. 2001).

Plaintiffs seek to recover fees at an hourly rate of $710 per hour for Mr. Andrew Wolf, a partner of The Wolf Law Firm with over twenty years' experience in the legal field. (Wolf Decl. ¶ 97; *see also* WLF Att'y Biographies 3.) Based on the CLS fee schedule, the range of hourly rates for an attorney with Mr. Wolf's experience is $520-$590 per hour. *See Attorney Fees*, COMMUNITY LEGAL SERVICES OF PHILADELPHIA, https://clsphila.org/about-cls/attorney-fees (last visited Dec. 21, 2016). Upon reviewing Plaintiffs' submissions as they relate to Mr. Wolf,[4] the Court finds that a reasonable rate for services rendered by Mr. Wolf is $520 per hour.

Plaintiffs seek to recover fees at a rate of $575 per hour for Mr. Henry Wolfe, a senior attorney of The Wolf Law Firm with over twenty years' experience in the legal field. (Wolf Decl. ¶ 97; *see also* WLF Att'y Biographies 5.) Based on the CLS fee schedule, the range of

---

[4] In its assessment, the Court considered Mr. Wolf's Declaration, Mr. Pearlman's declaration, and the attorney biographies provided by The Wolf Law Firm. (*See* Wolf Decl.; Pearlman Decl. ¶¶ 19, 25; WLF Att'y Biographies 3.)

hourly rates for an attorney with Mr. Henry Wolfe's experience is $520-$590 per hour.  *See Attorney Fees*, COMMUNITY LEGAL SERVICES OF PHILADELPHIA, https://clsphila.org/about-cls/attorney-fees (last visited Dec. 21, 2016).  Using the CLS fee schedule as a guide, and based on the Court's review of Plaintiffs' submissions,[5] the Court finds that a reasonable rate for services rendered by Mr. Henry Wolfe is $520 per hour.

Plaintiffs seek to recover fees at a rate of $485 per hour for Mr. Gardner, a former associate of The Wolf Law Firm.  (Wolf Decl. ¶ 97.)  Plaintiffs, however, fail to provide adequate documentation outlining the associate's qualifications.[6]  As such, the Court determines that a reasonable rate for services rendered by Mr. Gardner is $350 per hour, which constitutes the bottom of the CLS range for attorneys with less than fifteen years of experience in the legal field.  *See Attorney Fees*, COMMUNITY LEGAL SERVICES OF PHILADELPHIA, https://clsphila.org/about-cls/attorney-fees (last visited Dec. 21, 2016).

Plaintiffs seek to recover fees at a rate of $350 per hour for Ms. Samuels Thomas, an associate of The Wolf Law Firm with seven years' experience in the legal field.  (Wolf Decl. ¶ 97; *see also* WLF Att'y Biographies 11.)  Based on the CLS fee schedule, the range of hourly rates for an attorney with Ms. Samuels Thomas's experience is $265-$335 per hour.  *See Attorney Fees*, COMMUNITY LEGAL SERVICES OF PHILADELPHIA, https://clsphila.org/about-cls/attorney-fees (last visited Dec. 21, 2016).  Upon reviewing Plaintiffs' submissions as they

---

[5] The Court considered Mr. Wolf's Declaration, Mr. Pearlman's declaration, and the attorney biographies submitted by The Wolf Law Firm in its evaluation.  (*See* Wolf. Decl.; Pearlman Decl. ¶¶ 20, 25; WLF Att'y Biographies 5.)

[6] The only source of information attesting to Mr. Gardner's qualifications is Mr. Pearlman's declaration.  (*See* Pearlman Decl. ¶ 22.)  The Court finds this four-sentence recitation of Mr. Gardner's experience insufficient.  (*See id.*)

relate to Ms. Samuels Thomas,[7] the Court finds that a reasonable rate for services rendered by Ms. Samuels Thomas is $265 per hour.

Plaintiffs seek to recover fees at a rate of $310 per hour for Mr. Oorbeek, an associate of The Wolf Law Firm with three years' experience in the legal field.  (Wolf Decl. ¶ 97; *see also* WLF Att'y Biographies 8.)  Based on the CLS fee schedule, the range of hourly rates for an attorney with Mr. Oorbeek's experience is $200-$250 per hour.  *See Attorney Fees*, COMMUNITY LEGAL SERVICES OF PHILADELPHIA, https://clsphila.org/about-cls/attorney-fees (last visited Dec. 21, 2016).  Upon review of Plaintiffs' submissions,[8] the Court finds that a reasonable rate for services rendered by Mr. Oorbeek is $200 per hour.

Plaintiffs seek to recover fees at a rate of $750 per hour for Mr. Greenberg, a partner of Lite DePalma Greenberg with over thirty years' experience in the legal field.  (Greenberg Decl. ¶¶ 1-9; *see also* LDG Billing Statement 29.)  Based on the CLS fee schedule, the range of hourly rates for an attorney with Mr. Greenberg's experience is $600-$650 per hour.  *See Attorney Fees*, COMMUNITY LEGAL SERVICES OF PHILADELPHIA, https://clsphila.org/about-cls/attorney-fees (last visited Dec. 21, 2016).  Having reviewed Plaintiffs' submissions,[9] the Court finds that a reasonable rate for services rendered by Mr. Greenberg is $600 per hour.

Plaintiffs seek to recover fees at a rate of $750 per hour for Ms. Carroll, a partner of Lite DePalma Greenberg.  (LDG Billing Statement 29.)  Plaintiffs, however, fail to provide adequate

---

[7] In its assessment, the Court considered The Wolf Law Firm's attorney biographies.  (*See* WLF Att'y Biographies 11.)

[8] In its assessment, the Court considered The Wolf Law Firm's attorney biographies and Mr. Pearlman's declaration.  (*See id.* at 8; Pearlman Decl. ¶¶ 21, 25.)

[9] While the Court notes that the affidavits are outdated, the Court nevertheless considered and is informed by the information provided.

documentation outlining Ms. Carroll's qualifications.[10]   As such, the Court determines that a reasonable rate for services rendered by Ms. Carroll is $400 per hour, which constitutes the top range of hourly rates for an attorney with less than sixteen years of experience in the legal field. *See Attorney Fees*, COMMUNITY LEGAL SERVICES OF PHILADELPHIA, https://clsphila.org/about-cls/attorney-fees (last visited Dec. 21, 2016).

In addition, Plaintiffs seek to recover fees for three associates of Lite DePalma Greenberg: Mr. Shamberg, Mr. Sardina, and Ms. Preston. Specifically, Plaintiffs seek to recover fees at a rate of $475 per hour for Mr. Shamberg; $375 per hour for Mr. Sardina; and $375 per hour for Ms. Preston. (LDG Billing Statement 29; LDG Reply Billing Statement 5.) Plaintiffs, however, fail to provide adequate documentation outlining the associates' qualifications.[11]   As such, the Court determines that a reasonable rate for services rendered by Mr. Shamberg is $250 per hour, which constitutes the top range of hourly rates for an attorney with less than six years of experience in the legal field.   *See Attorney Fees*, COMMUNITY LEGAL SERVICES OF PHILADELPHIA, https://clsphila.org/about-cls/attorney-fees (last visited Dec. 21, 2016).   The Court determines that a reasonable rate for services rendered by Mr. Sardina is $200 per hour, which constitutes the bottom range of hourly rates for an attorney with less than six years of experience in the legal field.   *See Attorney Fees*, COMMUNITY LEGAL SERVICES OF PHILADELPHIA, https://clsphila.org/about-cls/attorney-fees (last visited Dec. 21, 2016).   The

---

[10] The only source of information attesting to Ms. Carroll's qualifications is Mr. Pearlman's declaration. (*See* Pearlman Decl. ¶ 17.) The Court finds this submission lacking in detail.

[11] The only source of information attesting to Mr. Shamberg and Mr. Sardina's qualifications is Mr. Pearlman's declaration. (*See id.* ¶ 18.) Paragraph 18 of Mr. Pearlman's declaration provides that both associates "have performed services on this matter. They have five and three years' experience with [Lite DePalma Greenberg], respectively, concentrating almost exclusively in such litigation." (*id.*)   The Court finds this information insufficient to support the associates' requested hourly rates. Moreover, Plaintiffs failed to proffer any documentation attesting to Ms. Preston's qualifications.

Court also determines that a reasonable rate for services rendered by Ms. Preston is $200 per hour, which constitutes the bottom range of hourly rates for an attorney with less than six years of experience in the legal field. *See Attorney Fees*, COMMUNITY LEGAL SERVICES OF PHILADELPHIA, https://clsphila.org/about-cls/attorney-fees (last visited Dec. 21, 2016).

Finally, Plaintiffs seek to recover fees at a rate of $460 per hour for Mr. McGinn, a principal of the Law Office of Christopher McGinn with fourteen years' experience in the legal field. (McGinn Decl. ¶¶ 11, 17.) Based on the CLS fee schedule, a range of hourly rates for an attorney with Mr. McGinn's experience is $350-$420 per hour. *See Attorney Fees*, COMMUNITY LEGAL SERVICES OF PHILADELPHIA, https://clsphila.org/about-cls/attorney-fees (last visited Dec. 21, 2016). Upon review of Plaintiffs' submissions,[12] the Court finds that a reasonable rate for services rendered by Mr. McGinn is $400 per hour.

Accordingly, considering the applicable CLS fee schedule for similarly-situated attorneys with "comparable skill, experience, and reputation[.]" and current market rates. the Court concludes that the hourly rates as defined by the Court are reasonable. *Rode*, 892 F.2d at 1183; *see Rendine*, 661 A.2d at 1228. Thus, for lodestar calculation, the Court will apply the following reasonable rates: (1) Mr. Andrew Wolf, at a rate of $520 per hour; (2) Mr. Henry Wolfe, at a rate of $520 per hour; (3) Mr. Gardner, at a rate of $350 per hour; (4) Ms. Samuels Thomas, at a rate of $265 per hour; (5) Mr. Oorbeek, at a rate of $200 per hour; (6) Mr. Greenberg, at a rate of $600 per hour; (7) Ms. Carroll, at a rate of $400 per hour; (8) Mr. Shamberg, at a rate of $250 per hour; (9) Mr. Sardina, at a rate of $200 per hour; (10) Ms. Preston, at a rate of $200 per hour; and (11) Mr. McGinn, at a rate of $400 per hour.

---

[12] In its assessment, the Court considered Mr. McGinn's Declaration and Mr. Pearlman's declaration. (*See* McGinn Decl.; Pearlman Decl. ¶¶ 23, 25.)

**B.      Reasonable Hours Expended on Litigation**

Plaintiffs seek $396,911.50 in legal fees for 669.6 hours expended by The Wolf Law Firm; $318,317.50 for 466.3 hours expended by Lite DePalma Greenberg; and $13,386 for 29.1 hours expended by the Law Office of Christopher McGinn.[13]  (Pls.' Reply Br. 24, ECF No. 67.) Thus, Plaintiffs seek to recover a total of $728,615 in attorneys' fees for 1,165 hours expended on the litigation (not including hours spent on Plaintiffs' unsuccessful *en banc* review).  (*See id.*)

Defendant opposes Plaintiffs' fee application, and requests that the Court deny the petition in its entirety or, alternatively, reduce the total fee award.  (Def.'s Opp'n Br., ECF No. 59.)  Defendant contends that Plaintiffs' fee request is unreasonable, and "grossly exaggerated and disproportionate to the nominal damages available[.]"  (*Id.* at 25.)  Defendant also argues that Plaintiffs achieved limited success in the prosecution of their claims.  (*Id.* at 25-27 (citing *Furst v. Einstein Moomjy, Inc.*, 860 A.2d 435, 447 (N.J. 2004) ("[A] trial court should decrease the lodestar if the prevailing party achieved limited success in relation to the relief he had sought.").)  To that end, Defendant argues that "[f]or more than five years, Plaintiffs' counsel pursued this case as a class action, *not* for two individual claims for $100."  (Def.'s Opp'n Br. 27 (emphasis in original).)

In addition, Defendant argues that "Plaintiffs' counsel cannot be awarded class action-sized fees where the class claims were all dismissed."  (*Id.* at 28.)  Defendant contends that Plaintiffs' fee petition includes hours that were not reasonably expended and that were excessive and unreasonable.  (*Id.* at 50.)  In particular, Defendant argues that counsel are not entitled to recover fees for "multiple attorneys where one attorney would suffice."  (*Id.* at 34 n.17 (first

---

[13] In addition, Plaintiffs seek to recover a total of $4,994.82 in court costs and expenses: $4,277.45 from The Wolf Law Firm (Wolf Reply Decl. ¶ 5, ECF No. 67-3); $599.17 from Lite DePalma Greenberg (Greenberg Decl. ¶ 56); and $118.20 from the Law Office of Christopher McGinn (McGinn Reply Decl. ¶ 15, ECF No. 67-2).

citing *Rendine*, 661 A.2d at 1226; then citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 554 n.2 (1986)).) Defendant also objects to billing entries for administrative and secretarial tasks, as well as discovery requests. (*Id.* at 52.) Defendant notes that, "despite [its] best efforts to accept liability to expedite the ultimate termination of this case, Plaintiffs' counsel refused[.]" (*Id.* at 48.) As such, Defendant argues that "any fees claimed by Plaintiffs after October 19, 2015 should be stricken[,]" to account for Plaintiffs' "avaricious tactics and gamesmanship." (*Id.* at 48-49 n.20.) Lastly, Defendant objects to Plaintiffs' request for court costs and expenses, arguing that the majority of Plaintiffs' claimed costs are not recoverable because they include travel, postage, and parking expenses. (*Id.* at 54-55.) The Court will examine Defendant's objections in turn.

At the outset, the Court notes that the number of hours sought by counsel in this matter is staggering. A careful and thorough review of Plaintiffs' billing records leads the Court to conclude that the overall amount billed is excessive and unreasonable. In its extensive review, the Court observed a number of instances of duplicative and excessive billing, and will therefore reduce Plaintiffs' fee award on this basis. *See Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 178 (3d Cir. 2001) (instructing that courts have "a positive and affirmative function in the fee fixing process, not merely a passive role"); *see also Rode*, 892 F.2d at 1183 ("The district court should exclude hours that are not reasonably expended.").

### 1. General Reductions for Excessive Hours

Plaintiffs' fees were excessive in several respects. First, Plaintiffs' billing statements include multiple instances where counsel used the most costly attorneys on the matter to perform associate level or paralegal tasks. For example, on July 27, 2011, Mr. Henry Wolfe billed 3.5 hours for compiling "proposed appendix, draft[ing]/prepar[ing] Appendix [Table of Contents.]"

(Wolf Decl., Ex. C at 15 ("WLF Billing Statement"), ECF No. 50-5.) Two days later, Mr. Henry Wolfe billed an additional 6.5 hours for "[d]raft[ing] final revisions and edits to brief; finaliz[ing] brief for filing (including generating [Table of Authorities], [Table of Contents]; Revise Appendix [Table of Contents] and compil[ing] Appendix for printing[.]" (*Id.*) For the 10 hours billed in this instance, Mr. Henry Wolfe sought $5,750 in fees. To that end, counsel repeatedly billed for administrative tasks at hourly rates of $750, $710, and $575.

The Court finds it unreasonable for attorneys with over twenty years' experience to bill for routine legal and non-legal work. The Third Circuit has repeatedly cautioned against "the wasteful use of highly skilled and highly priced talent for matters easily delegable to non-professionals or less experienced associates." *Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3d Cir. 1983). In addition, time devoted to clerical tasks is generally not reimbursable. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (explaining that "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them"). Accordingly, the Court will disallow hours expended on purely clerical and administrative tasks, as well as for Plaintiffs' failure to delegate work in a more cost-efficient manner.

Next, the Court finds that duplicative work and effort permeated this litigation. Plaintiffs' billing records demonstrate that a great deal of time was expended on "reviewing and editing" briefs and correspondence submitted to the various courts. In particular, the Court notes several instances where more than one attorney from one and/or all firms billed for reviewing and editing a brief prepared by another senior attorney, who in turn would edit the brief. This practice, of primarily utilizing senior attorneys for drafting and reviewing briefs, lends itself to a dramatic increase in hours and redundancy. While it may be customary practice for a senior attorney to oversee the work of an associate, the Court finds it inappropriate and an egregious

16

misuse of the most costly attorney to review work prepared by another senior attorney. Consequently, the Court will exclude hours requested by partners Mr. Wolf and Mr. Greenberg for the excessive hours spent reviewing and editing briefs and legal correspondence drafted by senior attorneys.

Lastly, Plaintiffs' billing records reflect excessive inter- and intra-firm communications. In particular, counsel billed for informal meetings and discussions amongst themselves, and each attorney billed separately for many of the same discussions, thereby increasing the attorneys' fees. In addition, counsel billed for every e-mail correspondence with co-counsel on the matter. The Court will, therefore, disallow the hours billed by attorneys with the lower hourly rate when two attorneys from the same firm billed for the same telephone conference or informal meeting and discussion.

Excessive, redundant and unnecessary attorneys' fees,

> if not checked by the exercise of billing judgment or, in this case,
> this Court's inherent powers, will be borne unjustly by someone,
> be that a losing adversary, [or] a client. . . . The duty imposed by
> the Rules of Professional Conduct to represent a client zealously
> does not create a license to write a blank check for excessive legal
> fees.

*Microsoft Corp. v. United Computer Res. of N.J., Inc.*, 216 F. Supp. 2d 383, 386 (D.N.J. 2002). With these principles in mind, the Court will now address the hours expended by counsel for each stage of the litigation.[14]

---

[14] The Court recognizes that Plaintiffs' counsel are highly regarded members of the bar. Nevertheless, the fees in this case were excessive and required reduction. Here, the Court must exercise its duty, even if unpleasant.

17

2.      Filing of Plaintiffs' Complaint and Early Stages of Litigation[15]

Plaintiffs submit billing records for 19.7 hours expended in investigation and preparation of their Complaint that resulted in a request for $11,160 in fees.[16]  Specifically, Defendant objects to the hours expended on discovery requests drafted during the intake and Complaint preparation period.  (Def.'s Opp'n Br. 52.)  Defendant argues that Plaintiffs should not be reimbursed for discovery related entries because discovery was not ordered until 2015.  (Id.)

The Court agrees.  The Court finds it inappropriate for Plaintiffs to seek reimbursement for hours expended on preparing discovery requests when no discovery was conducted in this matter.  To that end, Magistrate Judge Arpert denied Plaintiffs' informal application to compel discovery in March 2016.  (See ECF Nos. 48, 49.)  Accordingly, the Court will exclude the hours expended on discovery preparation by Mr. Henry Wolfe and Mr. McGinn.  (See WLF Billing Statement 7; McGinn Decl. ¶ 9b.)

The Court also finds it inappropriate for Plaintiffs to seek reimbursement for hours expended by two firms for researching, drafting, and reviewing Plaintiffs' Complaint.  (See WLF Billing Statement 7; McGinn Billing Statement 1.)  Counsel have boasted of their experience on consumer class action litigation; yet, it took a partner, a principal of a law firm, and a senior attorney to prepare and finalize a ten-page, two-count Complaint comprised of approximately sixty-two paragraphs – most of which are either near mirror images of each other or boiler plate language.  (See Class Action Compl. & Jury Demand.)  At this pleading stage, the legal issues involved were previously asserted by Plaintiffs in similar proceedings in other courts.  As such,

---

[15] The Court adopts Plaintiffs' description provided in Mr. Wolf's Declaration for the billing period. (See Wolf Decl. ¶ A.)

[16] The Wolf Law Firm seeks $9,734 in legal fees for 16.6 hours expended (Wolf Decl. ¶¶ 27-29); and the Law Office of Christopher McGinn seeks $1,426 in legal fees for 3.1 hours expended (McGinn Decl. ¶ 9a-b, Ex. A).

the Court will exclude hours expended by partner Mr. Wolf and principal Mr. McGinn for researching, reviewing, and editing Plaintiffs' Complaint drafted by senior attorney Mr. Henry Wolfe. The Court will also reduce the hours expended by Mr. Henry Wolfe for basic legal research. *Ursic*, 719 F.2d at 677. Accordingly, the Court awards Plaintiffs $2,856 in fees incurred for the preparation of Plaintiffs' Complaint. The chart below reflects the lodestar for attorneys who performed legal work on this stage of the litigation.

**Filing of Plaintiffs' Complaint and Early Stages of Litigation**

| Name | Hrs. Expended | Total Disc. Hrs.[17] | Court's Rate | Total Fee |
|------|--------------|---------------------|--------------|-----------|
| A. Wolf | 1.4 | 0.6 | $520.00 | $    312.00 |
| H. Wolfe | 15.2 | 4.2 | $520.00 | $ 2,184.00 |
| C. McGinn | 3.1 | 0.9 | $400.00 | $    360.00 |
|  |  |  | **Fee Award** | $ 2,856.00 |

3.    Plaintiffs' Opposition to Defendant's First Motion to Dismiss

Plaintiffs submit billing records for 36.8 hours spent researching, drafting, and conducting meetings related to their opposition to Defendant's first Motion to Dismiss that resulted in a request for $22,101.50 in fees.[18] Notably, there are certain entries billed by Mr. Henry Wolfe that contain a mixture of clerical tasks and tasks that contribute to attorney work product. (*See* WLF Billing Statement 7-8.) The Court will, therefore, exercise its discretion and disallow the entries reflecting comingled activities. *See Blakey*, 2 F. Supp. 2d at 605.

The Court will also reduce the duplicative and vague entries provided by Mr. Wolf that represent hours expended on editing Mr. Henry Wolfe's work product, as well as twice reviewing the notice of removal and supporting documents that were also reviewed by Mr.

---

[17] The total discounted hours reflects the Court's determination of the reasonable hours expended per billing period.

[18] The Wolf Law Firm seeks $20,629.50 in legal fees for 33.6 hours expended (Wolf Decl. ¶ 33); and the Law Office of Christopher McGinn seeks $1,472 in legal fees for 3.2 hours expended (McGinn Decl. ¶ 9, Ex. A).

Henry Wolfe. (*See* WLF Billing Statement 7.)  The Court further finds it unreasonable and unrealistic for Mr. Henry Wolfe, an attorney with over twenty years' experience, to bill for "retrieving legislative history" and "call[ing] the [New Jersey] State Library to order news article on [an] amendment." (*See id.* at 8.)  Consequently, the Court will reduce Mr. Henry Wolfe's expenditure of those hours.  Accordingly, the Court awards Plaintiffs $11,028 in fees incurred in their opposition to Defendant's first Motion to Dismiss.  The chart below reflects the lodestar for attorneys in connection with Plaintiffs' Opposition Brief.

**Plaintiffs' Opposition to Defendant's First Motion to Dismiss**

| Name | Hrs. Expended | Total Disc. Hrs. | Court's Rate | Total Fee |
|------|---------------|------------------|--------------|-----------|
| A. Wolf | 9.7 | 2.2 | $   520.00 | $   1,144.00 |
| H. Wolfe | 23.9 | 17.7 | $   520.00 | $   9,204.00 |
| C. McGinn | 3.2 | 1.7 | $   400.00 | $      680.00 |
| | | | **Fee Award** | $ 11,028.00 |

4.    Plaintiffs' First Appeal to the Third Circuit

Plaintiffs' counsel submit billing records for 127.2 hours expended in connection with Plaintiffs' first appeal to the Third Circuit that resulted in a request for $83,357.50 in fees.[19]  At this stage, The Wolf Law Firm sought the assistance of Lite DePalma Greenberg.  (Greenberg Decl. ¶ 2.)  With the addition of new counsel comes the risk of redundant and duplicative efforts, and this case fairs no differently in this regard.

While counsel have boasted of their experience, the Court finds that their submissions do not reflect any conservation of hours for this expertise.  A total of eight attorneys from three separate firms request reimbursement for hours expended in connection with Plaintiffs' first appeal.  All three firms seek a fee award for hours expended on researching, drafting, reviewing

---

[19] The Wolf Law Firm seeks $50,266.50 in legal fees for 81.3 hours expended (Wolf Decl. ¶ 44); Lite DePalma Greenberg seeks $30,975 in legal fees for 41.3 hours expended (LDG Billing Statement 1-5); and the Law Office of Christopher McGinn seeks $2,116 in legal fees for 4.6 hours expended (McGinn Decl. ¶ 9).

and editing Plaintiffs' briefing materials. All three firms seek reimbursement for hours expended on excessive inter- and intra-firm communications. The Court finds these submissions unreasonable and excessive: "a fee applicant cannot demand a high hourly rate— which is based on his or her experience, reputation, and a presumed familiarity with the applicable law—and then run up an inordinate amount of time researching that same law. Double dipping, in any form, cannot be condoned." *Ursic*, 719 F.2d at 677.

At the outset, the Court observes that counsel seek reimbursement for hours expended on preparing and finalizing Plaintiffs' Appellant Brief. (Greenberg Decl. ¶¶ 12-15.) Plaintiffs' billing records, however, do not provide for any hours devoted to substantive work performed on the Appellant Brief. Instead, Plaintiffs' billing records contain entries for hours expended on reviewing and editing the Appellant Brief that are billed at hourly rates of $750 and $710. (*See* WLF Billing Statement 8-13; LDG Billing Statement 1-5.) As a result of Plaintiffs' oversight, the Court is unable to determine whether the hours expended on reviewing and editing the Appellant Brief are reasonable in light of the hours expended on drafting this brief. Given Plaintiffs' pattern of duplicative and redundant entries for drafting and reviewing briefing materials throughout this litigation, the Court declines to surmise the hours expended on drafting. Instead, the Court will exercise its discretion and exclude hours expended by all three firms for reviewing and editing the Appellant Brief.

The Court also agrees with Defendant that certain entries billed by Mr. Henry Wolfe warrant exclusion, because the entries reflect work delegable to non-professionals, and purely clerical and secretarial tasks. (*See* Def.'s Opp'n Br. 52.) Plaintiffs' billing statements for this period include entries for hours spent to "[p]repare and efile notice of appeal," "[d]raft statement requesting oral argument and efile," and "[p]rep motion papers for motion for leave to file

corrected brief including motion, declaration in support and proposed corrected brief. File same via ECF." (WLF Billing Statement 9.) Additional hours are requested for preparing and electronically filling Mr. Wolf's appearance notice, a "concise summary of [the] case, civil info statement, transcript order form, cert[ificate] of service." (*Id.*) These tasks were billed by a senior attorney, at an hourly rate of $575. (*Id.*). Because "clerical or secretarial tasks should not be billed at [a] paralegal rate, regardless of who performs them," *Missouri*, 491 U.S. at 288 n.10, the Court finds it nonsensical for partners and senior attorneys across three firms to bill for such tasks. Thus, the Court will exclude hours expended on clerical and secretarial tasks. *See Blakey*, 2 F. Supp. 2d at 605.

Plaintiffs' billing records for this period further demonstrate that counsel charged excessive hours for inter- and intra-firm communications and overstaffing. There are a number of instances where multiple attorneys billed for participation in the same telephone conferences held amongst each other and between firms, as well as e-mail correspondence leading up to and following their telephone conferences. For example, The Wolf Law Firm's billing records for June 17, 2010, contain entries from both Mr. Wolf and Mr. Henry Wolfe for participating in a telephone conference with co-counsel from Lite DePalma Greenberg regarding strategy and filing Plaintiffs' appeal. (WLF Billing Statement 8.) On June 22, 2010, Mr. Wolf and Mr. Henry Wolfe again billed separately for their participation in a telephone conference with Mr. Greenberg on "status of the case . . . [and] filing notice of appeal." (*Id.* at 8-9.) The June 22, 2010 billing entry also included hours expended by Mr. Wolf for his e-mail exchange with Mr. Greenberg and Mr. Henry Wolfe, leaving Mr. Greenberg a voicemail regarding Mr. Greenberg's e-mail correspondence, and a discussion with Mr. Henry Wolfe regarding the appeal. (*Id.* at 8-9.) Mr. Henry Wolfe likewise billed for his discussion with Mr. Wolf on June 22, 2010. (*Id.* at

8.)  The need to have three[20] partners, one principal, and one senior attorney, billing at hourly rates ranging from $575 to $750 per hour, on a telephone conference regarding appellate strategy and drafting issues is perplexing.

Doubly puzzling is Lite DePalma Greenberg's participation in Plaintiffs' appeal. Plaintiffs sought Mr. Greenberg's assistance with their appellate efforts "due to [his] appellate expertise." (Greenberg Decl. ¶ 2.) Mr. Greenberg's primary role in this matter was to assist with briefing and oral argument. (*Id.* ¶ 5.) Yet, Mr. Wolf argued the cause before the Third Circuit, (Wolf Decl. ¶ 38), and Mr. Greenberg expended approximately .2 hours assisting Mr. Wolf's oral argument preparation (LDG Billing Statement 4). Both Mr. Greenberg and Mr. Henry Wolfe, however, billed hours expended as spectators to Plaintiffs' oral argument on February 10, 2011. (*See* WLF Billing Statement 13; Greenberg Decl. ¶ 19.) Because the Court finds Plaintiffs' incessant billing of informal discussions and e-mail exchanges between counsel, as well as the attendance of multiple attorneys at a court appearance unreasonable and wasteful, the Court will disallow the lowest-billed attorney hours requested. *See Planned Parenthood v. AG of N.J.*, 297 F.3d 253, 272 (3d Cir. 2002) (instructing that, unless the complexity of the case demands it, "the attendance of additional counsel representing the same interests as the lawyers actually conducting the litigation is wasteful and should not be included in a request for counsel fees from an adversary"); *Lanni*, 259 F.3d at 151 (explaining that compensation can be denied for the attendance of extra attorneys at a hearing).

To that end, Lite DePalma Greenberg billed a total of 3.6 hours at an hourly rate of $750, for reviewing supplemental authorities to the Third Circuit when Mr. Wolf billed a total of .7 hours preparing and reviewing the same supplemental authorities. (*See* LDG Billing Statement

---

[20] The Court notes that Ms. Carroll also billed for her participation in telephone conferences and e-mail exchanges among co-counsel.

3-4; WLF Billing Statement 9.)   Counsel's responsibility was to assist in the facilitation of Plaintiffs' appeal, not create and then bill for unnecessary and redundant work.   The Court will, therefore, disallow Lite DePalma Greenberg's hours expended on the supplemental authorities. *See Rode*, 892 F.2d at 1187.   Accordingly, the Court awards Plaintiffs $38,262 in fees incurred in connection with their first appeal to the Third Circuit.   The chart below reflects the lodestar for attorneys who performed legal work on this stage of the litigation.

**Plaintiffs' First Appeal to the Third Circuit**

| Name | Hrs. Expended | Total Disc. Hrs. | Court's Rate | Total Fee |
|------|--------------|-----------------|-------------|-----------|
| A. Wolf | 32 | 23.25 | $ 520.00 | $ 12,090.00 |
| H. Wolfe | 40.4 | 22.85 | $ 520.00 | $ 11,882.00 |
| E. Gardner | 8.9 | 4.6 | $ 350.00 | $ 1,610.00 |
| C. McGinn | 4.6 | 3.3 | $ 400.00 | $ 1,320.00 |
| B. Greenberg | 18.5 | 11.3 | $ 600.00 | $ 6,780.00 |
| K. Carroll | 22.8 | 11.45 | $ 400.00 | $ 4,580.00 |
| | | | **Fee Award** | $ 38,262.00 |

5.      Briefing and Oral Argument Before the New Jersey Supreme Court[21]

Plaintiffs submit billing records for 337.2 hours expended in connection with briefing and oral argument held before the New Jersey Supreme Court on the certified questions of law from the Third Circuit that resulted in a request for $226,908.50 in fees.[22]   The Court is troubled by the magnitude of fees requested for work performed on Plaintiffs' briefing before the New Jersey Supreme Court.   In particular, Plaintiffs seek to recover $83,379 in fees for 123.6 hours expended on drafting, reviewing, and editing Plaintiffs-Appellants' Brief on Certification of Questions of Law ("Certification Brief").   (*See* WLF Billing Statement 14-15; LDG Billing

---

[21] For ease of reading, this section entails a review of both rounds of briefing and oral argument before the New Jersey Supreme Court.

[22] The Wolf Law Firm seeks $103,445.50 in legal fees for 171.5 hours expended (Wolf Decl. ¶¶ 52, 57); Lite DePalma Greenberg seeks $122,175 in legal fees for 162.9 hours expended (LDG Billing Statement 5-14); and the Law Office of Christopher McGinn seeks $1,288 in legal fees for 2.8 hours expended (McGinn Billing Statement 2).

24

Statement 6-8.)  In its extensive review, the Court observed that briefing submitted during this period replicated in large part Plaintiffs' Brief in Opposition to Defendant's first Motion to Dismiss.  (*Compare* Pls.' Certification Brief, ECF No. 72-2 *with* Pls.' Opp'n Br. ("Pls.' First Opp'n Br."), ECF No. 13.)  To that end, the Court notes that a substantial amount of the Certification Brief paraphrased or quoted verbatim Plaintiffs' prior briefing.  (*Compare* Pls.' Certification Brief *with* Pls.' First Opp'n Br.)  Significantly, four of the most costly attorneys on the matter billed hours for drafting, reviewing, and editing the Certification Brief.  (*See* WLF Billing Statement 14-15; LDG Billing Statement 6-8.)  The Court recognizes that the Statement of Facts and Procedural History will remain largely the same throughout the progression of litigation.  The Court also understands that the relevant law cited in briefs will be similar, although updated.  Furthermore, the Court acknowledges the sentiment of Plaintiffs' counsel during oral argument that if Plaintiffs failed to take advantage of previously drafted underlying documents, counsel would have been chastised for that by opposing counsel on a subsequent application.  (Dec. 1, 2016 Oral Arg. Tr. 12:24-13:1.)  Nevertheless, because a significant amount of material has either been cut and pasted, paraphrased, moved and/or retooled with some updates from previous pleadings, the Court cannot reconcile the end work product with the exorbitant fee request for this portion of the litigation.

The Court also finds the hours requested for work performed on Plaintiffs' Reply Brief on Certification of Questions of Law ("Reply Certification Brief") superfluous.  A reply brief should not address new issues.  Yet, counsel divided the writing responsibility for the Reply Certification Brief between The Wolf Law Firm and Lite DePalma Greenberg.  (Greenberg Decl. ¶ 28.)  Counsel fail, however, to describe with specificity the nature of this division of labor.  The Reply Certification Brief consisted of twenty pages.  (ECF No. 72-4.)  Because both Mr.

Henry Wolfe and Ms. Carroll expended an excessive number of hours preparing and revising this brief, (*see* WLF Billing Statement 14-15; LDG Billing Statement 6-9), the Court will impose a fifty percent reduction to the hours they expended on Plaintiffs' Reply Certification Brief.

The Court further finds it unreasonable for an attorney with over thirty years' experience, like Mr. Greenberg, who was intimately familiar with the law and facts of the case by this point in the litigation, to bill nearly 20 hours in preparation for oral argument. (Greenberg Decl. ¶ 31.) The Court will, therefore, reduce Mr. Greenberg's preparation hours by twenty percent. *See Apple Corps.*, 25 F. Supp. 2d at 491; *Washington v. Phila. Cty. Court of Common Pleas*, 89 F. 3d 1031 (3d Cir. 1996). Similarly, the Court finds it inappropriate for counsel from the same firm to bill for merely attending oral argument, and will therefore disallow the lowest-billed attorney hours. Accordingly, the Court awards Plaintiffs $102,598 in fees incurred in connection with their efforts before the New Jersey Supreme Court.[23] The chart below reflects the lodestar for attorneys who performed legal work on this stage of the litigation.

New Jersey Briefing and Oral Argument (Two Rounds)

| Name | Hrs. Expended | Total Disc. Hrs. | Court's Rate | Total Fee |
|------|---------------|------------------|--------------|-----------|
| A. Wolf | 42.2 | 25.7 | $ 520.00 | $ 13,364.00 |
| H. Wolfe | 119.7 | 67.45 | $ 520.00 | $ 35,074.00 |
| E. Gardner | 9.6 | n/a[24] | $ 350.00 | $ 3,360.00 |
| C. McGinn | 2.8 | 2.6 | $ 400.00 | $ 1,040.00 |
| B. Greenberg | 86.3 | 54.8 | $ 600.00 | $ 32,880.00 |
| K. Carroll | 76.6 | 42.2 | $ 400.00 | $ 16,880.00 |
| | | | **Fee Award** | $102,598.00 |

---

[23] The Court has also excluded attorney hours for duplicative and redundant work for Mr. Wolf and Mr. Greenberg's review and edit of a senior attorney's work. Similarly, the Court excluded attorney hours spent on "matters easily delegable to non-professionals or less experienced associates." *Ursic*, 719 F.2d at 677.

[24] The Court finds Mr. Gardner's hours expended on this stage of the litigation reasonable and will not make any reductions to the requested hours.

6.    Plaintiffs' Supplemental Briefing to the Third Circuit

Plaintiffs assert that they incurred $16,248.50 in legal fees for 23.8 attorney hours expended in connection with their supplemental briefing to the Third Circuit.[25]  For this billing period, counsel from Lite DePalma Greenberg had the primary responsibility of preparing Plaintiffs' supplemental brief while The Wolf Law Firm took primary responsibility for Plaintiffs' reply brief to Defendant's supplemental brief.  (Greenberg Decl. ¶ 38.)  In this instance, Mr. Greenberg drafted the supplemental brief. (*See* LDG Billing Statement 15.)  The pattern of egregious misuse of "the most costly attorney" continued.  Mr. Wolf, Mr. Henry Wolfe, Mr. McGinn, and Ms. Carroll all reviewed and edited Mr. Greenberg's work product. (*See* WLF Billing Statement 19; LDG Billing Statement 15-16.)  The Court recognizes that counsel would want to confer amongst themselves regarding the New Jersey Supreme Court's decision.  The Court, nevertheless, is perplexed as to why five seasoned practitioners, all of whom had performed extensive work on the case and were intimately familiar with the case, were required to draft a response on the effect of the New Jersey Supreme Court's decision on their case.  The Court finds this billing practice misguided and inappropriate.  The Court will, therefore, disallow attorney hours expended on reviewing and editing Plaintiffs' supplemental brief.  Accordingly, the Court awards Plaintiffs $8,932 in fees incurred in connection with their supplemental briefing to the Third Circuit.  The chart below reflects the lodestar for attorneys who performed legal work on this stage of the litigation.

---

[25] The Wolf Law Firm seeks $5,728.50 in legal fees for 9 hours expended (Wolf Decl. ¶ 62); Lite DePalma Greenberg seeks $9,600 in legal fees for 12.8 hours expended (LDG Billing Statement 14-16); and the Law Office of Christopher McGinn seeks $920 in legal fees for 2 hours expended (McGinn Billing Statement 2).

**Briefing to the Third Circuit Following New Jersey Supreme Court's Decision**

| Name | Hrs. Expended | Total Disc. Hrs. | Court's Rate | Total Fee |
|------|---------------|------------------|--------------|-----------|
| A. Wolf | 4.1 | 1.4 | $  520.00 | $      728.00 |
| H. Wolfe | 4.9 | 3.7 | $  520.00 | $   1,924.00 |
| C. McGinn | 2 | 1.5 | $  400.00 | $      600.00 |
| B. Greenberg | 8 | 7.6 | $  600.00 | $   4,560.00 |
| K. Carroll | 4.8 | 2.8 | $  400.00 | $   1,120.00 |
| | | | **Fee Award** | $   8,932.00 |

7.      Plaintiffs' Opposition to Defendant's Second Motion to Dismiss[26]

With respect to Plaintiffs' opposition to Defendant's second Motion to Dismiss, Plaintiffs

assert that they incurred $62,644.50 in fees for 90.3 attorney hours expended.[27]  The Court finds

alarming the number of attorneys working on the matter at this stage of the litigation, as well as

the number of hours expended during this billing period.  In fact, the Court questions The Wolf

Law Firm's logic in seeking Lite DePalma Greenberg's assistance with Plaintiffs' Opposition

Brief.  Indeed, at this point in the litigation, the Third Circuit had affirmed the dismissal of the

first count of the Complaint brought under the New Jersey Consumer Fraud Act and the New

Jersey Gift Certificate Statute and only the TCCWNA count remained.  Surely The Wolf Law

Firm, with over twenty years' experience and three years of work previously expended in this

matter alone, could have handled preparing and finalizing an opposition brief without outside

counsel.  At the very least, counsel should not have expected to shift fees for the continued

utilization of outside counsel.

---

[26] The Court has also excluded attorney hours for duplicative and redundant work for Mr. Wolf and Mr. Greenberg's review and edit of a senior attorney's work.  (*See supra* discussion part 1.)

[27] The Wolf Law Firm seeks $16,349.50 in legal fees for 27.8 hours expended (Wolf Decl. ¶ 67); Lite DePalma Greenberg seeks $45,375 in legal fees for 60.5 hours expended (LDG Billing Statement 16-18); and the Law Office of Christopher McGinn seeks $920 in legal fees for 2 hours expended (McGinn Billing Statement 2).

To that end, it is unreasonable for two costly attorneys such as Mr. Henry Wolfe and Ms. Carroll to expend nearly 63.5 hours drafting and editing a brief. (*See* WLF Billing Statement 19-20, LDG Billing Statement 16-18.)  The briefing material in question consisted of thirty pages, eighteen of which were comprised of argument.  (*See* ECF No. 27.)  "Normally, the higher the allowed hourly rate commanded based upon skill and experience, the shorter the time it should require an attorney to perform a particular task."  *Rainey v. Phila. Housing Auth.*, 832 F. Supp. 127, 130 (E.D. Pa. 1993).  The Court will therefore reduce the number of hours expended by Mr. Henry Wolfe and Ms. Carroll in preparing the opposition brief by fifty percent.[28]  Accordingly, the Court awards Plaintiffs $18,934 in fees incurred in connection with their opposition to Defendant's second Motion to Dismiss.  The chart below reflects the lodestar for attorneys who performed legal work on this stage of the litigation.

**Plaintiffs' Opposition to Defendant's Second Motion to Dismiss**

| Name | Hrs. Expended | Total Disc. Hrs. | Court's Rate | Total Fee |
|------|---------------|------------------|--------------|-----------|
| A. Wolf | 2.7 | 2.4 | $   520.00 | $ 1,248.00 |
| H. Wolfe | 25.1 | 11.05 | $   520.00 | $ 5,746.00 |
| C. McGinn | 2 | 1.8 | $   400.00 | $    720.00 |
| B. Greenberg | 12.6 | 2.8 | $   600.00 | $ 1,680.00 |
| K. Carroll | 47.9 | 23.85 | $   400.00 | $ 9,540.00 |
| | | | **Fee Award** | $18,934.00 |

8.    Plaintiffs' Second Appeal to the Third Circuit

Plaintiffs submit billing records for 207.7 hours expended in their second appeal to the Third Circuit that resulted in a request for $129,541.50 in fees.[29]  In this instance, Lite DePalma

---

[28] The fifty-percent reduction also accounts for Plaintiffs' failure to describe the nature of the division of brief writing responsibility between The Wolf Law Firm and Lite DePalma Greenberg.

[29] The Wolf Law Firm seeks $63,616.50 in legal fees for 107 hours expended (Wolf Decl. ¶ 72); and Lite DePalma Greenberg seeks $65,925 in legal fees for 100.7 hour expended (LDG Billing Statement 18-24).

Greenberg prepared Plaintiffs' opening merits brief. (Greenberg Decl. ¶ 46.) The Court once again is troubled by the redundant and duplicative efforts of counsel in preparing, reviewing, and editing briefing materials. Here, both Mr. Greenberg and Ms. Carroll billed for work performed on drafting and revising Plaintiffs' opening merits brief. (*See* Greenberg Decl. ¶¶ 46-47; LDG Billing Statement 20-22.) In addition, The Wolf Law Firm billed for work performed on reviewing and revising Plaintiffs' opening merits brief. (*See* WLF Billing Statement 21-23.) Furthermore, both Mr. Henry Wolfe and Mr. Sardina conducted legal research for Plaintiffs' opening merits brief. (*See* WLF Billing Statement 21-23, Greenberg Decl. ¶ 47.) Because "[o]ur cases supply no authority for rewarding non-stop meter running in law offices," *Ursic*, 719 F.2d at 677, the Court will exclude Mr. Henry Wolfe's excessive hours billed for legal research and impose a fifty percent reduction of Mr. Greenberg and Ms. Carroll's hours expended on preparing Plaintiffs' opening merits brief.

Equally troubling is Mr. Henry Wolfe's incessant billing of clerical and administrative tasks, as well as work easily delegable to paralegals and associates. For example, The Wolf Law Firm submitted charges for Mr. Henry Wolfe, a senior attorney billing at $575 per hour, who submitted the following descriptions of his daily efforts between July 15, 2014 and July 29, 2014:

> Review 3d cir appellate rules and [d]raft notice of appeal[;] Rec ecf quality control notice and correct noa and refile; Rec and review 3rd cir docketing entry, opening letter, standing rules re briefing, and schedule of additional filings needed; Begin working on appeal docs – concise case statement and cert[ificate] of no transcript; register for 3d circuit ecf [and] [f]ile notice of appeal by ecf; [d]raft [c]oncise summary of case info statement and other pleadings for 2nd appeal, including legal research on procedure and file review[.]

(WLF Billing Statement 21.) Mr. Henry Wolfe expended 5.3 hours, totaling $3,047.50 for those particular billing entries. It would have been more reasonable and more cost efficient for counsel to use less costly auxiliary staff to perform these tasks. Thus, the Court will exclude any attorney hours spent on clerical tasks, as well as work customarily performed by junior associates or paralegals. *See Ursic*, 719 F.2d at 677. Accordingly, the Court awards Plaintiffs $59,836 in fees for work performed in connection with Plaintiffs' second appeal to the Third Circuit. The chart below reflects the lodestar for attorneys who performed legal work on this stage of the litigation.

**Plaintiffs' Second Appeal to the Third Circuit**

| Name | Hrs. Expended | Total Disc. Hrs. | Court's Rate | Total Fee |
|------|---------------|------------------|--------------|-----------|
| A. Wolf | 25.7 | 14.5 | $ 520.00 | $ 7,540.00 |
| H. Wolfe | 76.1 | 41.8 | $ 520.00 | $ 21,736.00 |
| M. Oorbeek | 5.2 | 2.7 | $ 200.00 | $ 540.00 |
| B. Greenberg | 51.9 | 33.1 | $ 600.00 | $ 19,860.00 |
| K. Carroll | 23.2 | 14.65 | $ 400.00 | $ 5,860.00 |
| E. Sardina | 25.6 | 21.5 | $ 200.00 | $ 4,300.00 |
| | | | **Fee Award** | $ 59,836.00 |

9.   Post-Remand, Mediation, Court Conferences, Discovery and Possible Settlement[30]

Plaintiffs submit billing records for 112.5 hours expended following the Third Circuit's second remand that resulted in a request for $68,234.50 in fees.[31] The Court finds that much of Plaintiffs' excessive billing charges for this stage are a direct result of Plaintiffs' continued overstaffing of the matter. Nearly half of the hours requested by Plaintiffs' counsel reflect inter-

---

[30] The Court adopts Plaintiffs' description provided in Mr. Wolf's Declaration for the billing period. (Wolf Decl. ¶ J.)

[31] The Wolf Law Firm seeks $48,690.50 in legal fees for 84.1 hours expended (Wolf Decl. ¶ 88); Lite DePalma Greenberg seeks $17,980 in legal fees for 25 hours expended (LDG Billing Statement 24-28); and the Law Office of Christopher McGinn seeks $1,564 in legal fees for 3.4 hours expended (McGinn Billing Statement 3).

and intra-firm communications.  (*See* WLF Billing Statement 24-30; LDG Billing Statement 24-29; McGinn Billing Statement 3.)  Even more unnerving is the mere hour devoted by Mr. Wolf for client communications.  (WLF Billing Statement 25, 30.)  In fact, this is the first time since Plaintiffs' initial intake that counsel included entries related to client communications – nearly **six years** after the litigation commenced.   While billing records often reflect counsel consultations with clients, particularly before undertaking courses of action that could potentially result in significant legal fees and expenditures, client communications were noticeably absent from the billing records in this matter.  Indeed, in spite of the exorbitant amount of inter- and intra-firm communications, the billing records reflect an extremely sparse amount of outer office communications to the clients.  As a result of Plaintiffs' abusive pattern of overstaffing, the Court will exclude the hours devoted to mere inter- and intra-firm communications. Accordingly, the Court awards Plaintiffs $27,771 in legal fees for hours expended on this stage of the litigation.[32]  The chart below reflects the lodestar for attorneys who performed legal work on this billing period.

**"Post-Remand, Mediation, Court Conferences, Discovery and Possible Settlement"**

| Name | Hrs. Expended | Total Disc. Hrs.[33] | Court's Rate | Total Fee |
|---|---|---|---|---|
| A. Wolf | 33.3 | 19.4 | $520.00 | $10,088.00 |
| H. Wolfe | 32.3 | 7.9 | $520.00 | $ 4,108.00 |
| K. Samuels Thomas | 18.5 | 15 | $265.00 | $ 3,975.00 |
| C. McGinn | 3.4 | 2.1 | $400.00 | $ 840.00 |
| B. Greenberg | 20.7 | 14.6 | $600.00 | $ 8,760.00 |
| K. Carroll | 1.5 | 0 | $400.00 | $ 0.00 |
| K. Shamberg | 2.8 | 0 | $250.00 | $ 0.00 |
| | | | **Fee Award** | $27,771.00 |

[32] The total fee award includes additional exclusions taken due to duplicative work on basic legal research performed by an associate and a senior attorney, as well as discovery requests.

[33] The zero sum value reflects the Court's determination that counsel's hours expended were unreasonable and warranted an exclusion.

10.     Plaintiffs' Motion for Summary Judgment and Attorneys' Fees and Costs

Plaintiffs submit billing records for 73.5 hours expended on preparing and finalizing Plaintiffs' Motion for Summary Judgment and the instant fee application that resulted in a request for $39,784.50 in fees.[34]   Plaintiffs' billing statements demonstrate that counsel billed excessively in connection with preparing and drafting Plaintiffs' moving papers.   In particular, the Court finds it unreasonable for Mr. Henry Wolfe to have spent 46.1 hours to research, write, and edit an 18-page brief in support of Plaintiffs' summary judgment motion and a 34-page brief in support of Plaintiffs' fee application, given the nature and complexity of the issues presented. (*See* WLF Billing Statement 32-33.)   The Court also finds it excessive for Mr. Wolf to bill for hours spent on reviewing and editing Plaintiffs' moving papers.   The Court will, therefore, reduce Mr. Henry Wolfe's hours by fifty percent and disallow Mr. Wolf's hours related to reviewing and editing Plaintiffs' submissions.   Accordingly, the Court awards Plaintiffs $20,730.50 in legal fees for hours expended on their Motion for Summary Judgment and Attorneys' Fees and Costs.

**Plaintiffs' Motion for Summary Judgment and Attorneys' Fees and Costs**

| Name | Hrs. Expended | Total Disc. Hrs. | Court's Rate | Total Fee |
|------|---------------|------------------|--------------|-----------|
| A. Wolf | 9.6 | 7.2 | $520.00 | $ 3,744.00 |
| H. Wolfe | 46.1 | 23.05 | $520.00 | $11,986.00 |
| K. Samuels Thomas | 15.7 | n/a | $265.00 | $ 4,160.50 |
| C. McGinn | 2.1 | n/a | $400.00 | $   840.00 |
| | | | **Fee Award** | $20,730.50 |

---

[34] The Wolf Law Firm seeks $38,818.50 in legal fees for 71.4 hours expended (Wolf Decl. ¶ 91); and the Law Office of Christopher McGinn seeks $966 in legal fees for 2.1 hours expended (McGinn Billing Statement 3).

11.    Plaintiffs' Reply Brief to Defendant's Opposition to Plaintiffs' Motion for
       Summary Judgment and Attorneys' Fees and Costs

Plaintiffs submit billing records for 113.2 hours expended in connection with their Reply

Brief to Defendant's Opposition to Plaintiffs' Summary Judgment Motion and Fee Application

that resulted in a request for $62,683 in fees.[35]  In addition, The Wolf Law Firm seeks to recover

$8.62 in costs and expenses incurred for Plaintiffs' Reply Brief; and Mr. McGinn seeks to

recover $118.20 in costs and expenses.[36]  Having carefully examined Plaintiffs' billing records,

the Court finds that Plaintiffs' request is unreasonable and unwarranted.

Plaintiffs' submissions demonstrate that counsel devoted a great deal of time to

"address[ing] many of [D]efendant's cited cases."  (Greenberg Reply Decl. ¶ 3, ECF No. 67-1;

*see also* Wolf Reply Decl., Ex. A at 2 ("WLF Reply Billing Statement"), ECF No. 67-3; LDG

Reply Billing Statement 2-5; McGinn Reply Decl., ECF No. 67-2.)  In fact, counsel from Lite

DePalma Greenberg expended 36.9 hours retrieving, reviewing, and analyzing the cases cited in

Defendant's brief, and The Wolf Law Firm expended 10.2 hours doing the same.  (*See* LDG

Reply Billing Statement, Wolf Reply Decl. ¶ 4.)  Mr. McGinn then expended 5.9 hours locating

defense counsel's previously submitted fee petitions and "prepar[ing] a table documenting all [of

defense counsel's] media-related attorney billing entries" that included tasks Plaintiffs' counsel

billed for in their instant fee petition.  (McGinn Reply Decl. ¶¶ 4, 6.)  Attached to their Reply

Brief, Plaintiffs included defense counsel's previous fee petitions – nearly three hundred pages

worth of fee petitions.

---

[35] The Wolf Law Firm seeks $26,481.50 in legal fees for 44.2 hours expended; Lite DePalma
Greenberg seeks $33,487.50 in legal fees for 63.1 hours expended; and the Law Office of
Christopher McGinn seeks $2,714 in legal fees for 5.9 hours expended.  (Pls.' Reply Br. 24.)

[36] Thus, The Wolf Law Firm seeks a total of $26,490.12 in legal fees and costs for this billing
period; and the Law Office of Christopher McGinn seeks a total of $2,832.20 in legal fees and
costs.

The United States Supreme Court has admonished that "request[s] for attorney[s'] fees should not result in a second major litigation." *Hensley*, 461 U.S. at 437.  Here, Plaintiffs' petition has resulted in a second litigation.  Plaintiffs fail to provide adequate justification for this excessive billing.  To that end, the Court finds Plaintiffs' "but they did it too" approach to support their position and attempt to surmount Defendant's opposition unnerving – this approach has proved futile in other contexts, and is unequivocally misguided at this juncture.  As such, the Court denies Plaintiffs' request for fees and costs in connection with their Reply Brief.

        12.     Lodestar Modification

Plaintiffs request that the Court award a contingency fee enhancement "that need not be limited to the fifty percent limit [sic] upper limit of the ordinary range." (Pls.' Moving Br. 34.) Defendant objects to the imposition of any enhancement.  (Def.'s Opp'n Br. 47-48.)  Rather, Defendant argues that the lodestar amount should be adjusted downward to account for Plaintiffs' limited success.  In particular, Defendant urges the Court to consider the amount of damages sought in the case, compared to the amount of damages ultimately recovered.  In this vein, Defendant contends that Plaintiffs' "fee application is styled as though Plaintiffs prevailed in a class action lawsuit."  (*Id.* at 24.)  Defendant asserts that "there was no class settlement, no class certification, no class judgment and no class distribution.  In fact, no discovery was ever taken and no motion for class certification was ever filed because the case never made it [beyond] the pleading stage."  (*Id.*)  The Court agrees.  Given the sheer magnitude of hours expended, the high hourly rates charged, and the exorbitant fee award requested, the Court finds a fifty percent contingency fee enhancement unwarranted.

Moreover, "when a prevailing party has not been successful on all of its claims, an award of attorneys' fees based on an hourly rate times the hours spent may result in an excessive fee."

35

*N. Bergen Rex Transp., Inc.*, *v. Trailer Leasing Co.*, 730 A.2d 843, 849 (N.J. 1999) (citing *Singer v. State*, 472 A.2d 138, 144 (N.J. 1984)). Accordingly, "[a] district court can adjust a fee award upward or downward based upon the results obtained in a case." *McKenna*, 582 F.3d at 455. "When the prevailing party has only succeeded on some claims, the [C]ourt must address (1) whether the unsuccessful claims were unrelated to the successful claims; and (2) whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Blakey*, 2 F. Supp. 2d at 605. To that end, "[h]ow to measure the degree of success is left to the district court's discretion." *Mancini v. Northampton Cty.*, 836 F.3d 308, 321 (3d Cir. 2016).

In light of the results obtained by Plaintiffs in this matter, the Court finds that a downward adjustment of the lodestar amount is appropriate. While Plaintiffs ultimately received a judgment in the amount of $1,100 on their TCCWNA claim, Plaintiffs initially filed a two-count, class-action complaint against Defendant, and after six years of litigation, they were left with one count and no class. Indeed, the Third Circuit specifically remanded the matter to only give the two named Plaintiffs the benefit of their efforts expended on the litigation. *See Bohus*, 784 F.3d at 930. When comparing the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation," *Hensley*, 461 U.S. at 435, the Court finds that the lodestar would be grossly excessive. As such, the Court finds that a significant reduction is appropriate in this matter and will reduce Plaintiffs' counsel fee award by thirty-five percent.[37] The same reduction applies to court costs. Accordingly, Plaintiffs are entitled to $190,648.60 in attorneys' fees and costs. Thus, The Wolf Law Firm is entitled to $108,860.40 in attorneys' fees and $2,774.74 in court costs, for a total fee award of $111,635.14;

---

[37] After applying the Court's reductions, the Court calculated the total lodestar to $290,947.50, and subsequently imposed a thirty-five percent reduction.

Lite DePalma Greenberg is entitled to $75,920 in attorneys' fees and $389.46 in court costs, for a total fee award of $76,309.46; and the Law Office of Christopher McGinn is entitled to an attorneys' fee award of $2,704.

## IV.   Conclusion

For the reasons set forth above, and other good cause shown. Plaintiffs' Motion for Attorneys' Fees and Costs is **GRANTED** as modified in the amount of $190,648.60.  An Order consistent with this Memorandum Opinion will be entered.


s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**Dated:** December  21ˢᵗ, 2016